# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>   *Plaintiffs*,<br><br> v.<br><br>STATE OF VERMONT, et al.,<br><br>   *Defendants*,<br><br> and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>   *Proposed Defendant-Intervenors.* | No. 2:25-cv-00463 |

**MOTION TO INTERVENE AND SUPPORTING MEMORANDUM OF LAW**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 2

I.      Movants merit permissive intervention ............................................................................ 2

         A.     This timely motion will not cause undue delay or prejudice ................................. 2

         B.     Movants' defense shares common questions of law with the
               main action .............................................................................................................. 3

         C.     Movants have strong interests in preserving the Act ............................................. 3

         D.     Movants will contribute to the just and equitable
               adjudication of the case ......................................................................................... 5

         E.     Movants need not show that the State's representation is
               inadequate .............................................................................................................. 6

II.     Movants seek leave to defer filing a responsive pleading .................................................. 6

CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

## Cases

*335-7 LLC v. City of New York,* No. 20-cv-1053, 2020 WL 3100085 (S.D.N.Y June 11, 2020) .. 5

*Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83 (D. Conn. 2014) ............................................................. 3, 6

*Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, No. cv-11285 (KMK), 2020 WL 5658703 (S.D.N.Y. Sept. 23, 2020) ................................................... 3, 5

*Blesch v. Holder*, No. 12-cv-1578 (CBA), 2012 WL 1965401 (E.D.N.Y. May 31, 2012) ............. 7

*Briscoe v. City of New Haven*, No. 3:09-cv-1642 (CSH), 2012 WL 13026762 (D. Conn. Oct. 5, 2012) ......................................................................................................................... 7

*Chamber of Com. v. Moore*, No. 2:24-cv-01513 (D. Vt. June 30, 2025), ECF No. 49 .......... 3, 5, 6

*Comcast of Conn. v. Vt. Pub. Util. Comm'n*, No. 5:17-cv-161 (GWC), 2018 WL 11469513 (D. Vt. Feb. 8, 2018) ................................................................................................................. 6

*Commack Self-Serv. Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93 (E.D.N.Y. 1996) ...................... 5

*Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*, No. 2:05-cv-302, 2006 WL 8567240 (D. Vt. May 3, 2006) ......................................................................................................... 5

*H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 797 F.2d 85 (2d Cir. 1986) ...... 2, 3, 5, 6

*In re Holocaust Victim Assets Litig.*, 225 F.3d 191 (2d Cir. 2000) ................................................. 2

*N.Y. Pub. Int. Rsch. Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350 (2d Cir. 1975) ... 5

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66 (2d Cir. 1994) ....................................................... 2

*Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658 (2019) ....................................................... 2

*Vt. All. for Ethical Healthcare, Inc. v. Hoser*, No. 5:16-cv-205 (GWC), 2016 WL 7015717 (D. Vt. Dec. 1, 2016) ................................................................................................................. 6

*Windsor v. United States*, 797 F. Supp. 2d 320 (S.D.N.Y. 2011) ................................................... 7

## Court Rules

Fed. R. Civ. P. 24(b) .................................................................................................................. 2, 3

## PRELIMINARY STATEMENT

Northeast Organic Farming Association of Vermont and Conservation Law Foundation hereby move for permissive intervention in the above-captioned proceeding pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). Movants also seek leave to defer filing their responsive pleading pursuant to Federal Rule of Civil Procedure 24(c) until August 22, 2025.

Last week, this Court granted Movants' motion for permissive intervention in a companion case also involving a challenge to the Vermont Climate Superfund Act (the "Act"), *Chamber of Commerce v. Moore* (Case No. 2:24-cv-01513). This motion presents identical questions as that motion—questions the Court considered and resolved in permitting Movants to intervene in the companion case. Both cases challenge the same statute, involve similar legal issues, seek similar relief against the same defendants, and will be briefed on the same schedule. Movants in both cases have a substantial interest in defending the Act. Movants seek to intervene in this case as well to clarify and ensure that Movants may be heard on all issues raised by Plaintiffs in both cases and fully participate in the briefing of those issues. Because the Court has already entered a briefing schedule that can accommodate Movants' participation, this timely motion will not require any changes to the existing briefing schedule or otherwise prejudice Plaintiffs.

To avoid burdening the Court and Plaintiffs with potentially extraneous motion practice, Movants deferred filing this motion until after the Court ruled on their motion to intervene in *Chamber*. To avoid any surprise to Plaintiffs, on June 11 Movants' lawyers advised counsel for the United States of Movants' plan to defer filing their motion to intervene in this case. On June 30, shortly after the Court granted the motion to intervene in the *Chamber* case, Movants' counsel again contacted counsel for the United States, seeking agreement to Movants' intervention in this matter. The United States, however, advised counsel that they oppose

1

intervention, necessitating the filing of this contested motion. Undersigned counsel have also spoken to counsel for Defendants, who represented that Defendants consent to the relief requested by this Motion.

## ARGUMENT

Movants seek permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). A district court may grant permissive intervention "if the application is timely and if the 'applicant's claim or defense and the main action have a question of law or fact in common.'" *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (citing Fed. R. Civ. P. 24(b)(1)). The court's "principal guide" in exercising its discretion is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (citing Fed. R. Civ. P. 24(b)(3)). The court may also consider the "nature and extent" of proposed intervenors' interests and whether they will "significantly contribute" to, among other things, "the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). These considerations all support permissive intervention here.[1]

**I.      Movants merit permissive intervention**

    **A.      This timely motion will not cause undue delay or prejudice**

This motion—filed less than two months after Plaintiffs served their complaint, ECF Nos. 10, 11, 12, 13—is timely. The case is still in its early stages: initial briefing begins on August 15 and extends through December. ECF No. 23; *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, No. 19-cv-11285 (KMK), 2020 WL 5658703, at *7 (S.D.N.Y.

---

[1] Movants need not establish Article III standing because as prospective defendant-intervenors, they do not seek to invoke the Court's jurisdiction. *See Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663 (2019).

Sept. 23, 2020) (intervention motion filed three months after complaint was timely where case was in early stages and no significant substantive motions had been filed); *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 86 (D. Conn. 2014) (intervention motion filed three months after suit was timely where defendant had not answered or moved to dismiss).

Movants' intervention will not cause undue delay or prejudice to the existing parties. *See* Order Granting Northeast Organic Farming Association of Vermont and Conservation Law Foundation's Mot. to Intervene at 5, *Chamber of Com. v. Moore*, No. 2:24-cv-01513 (D. Vt. June 30, 2025), ECF No. 49 ("*Chamber* Order"). The schedules this Court has ordered in the two cases can accommodate Movants' participation. *See* ECF No. 23; Scheduling Order, *Chamber of Com. v. Moore*, No. 2:24-cv-01513 (D. Vt. June 30, 2025), ECF No. 52. In fact, the *Chamber* order already sets deadlines for Movants, and adding those deadlines to this case will not require changes to any other parties' deadlines or otherwise delay briefing. Movants are committed to avoiding duplication and working with the parties to advance the efficient adjudication of this matter. *See Chamber* Order at 5.

### B.   Movants' defense shares common questions of law with the main action

Movants intend to address the fundamental legal questions presented by Plaintiffs by showing that the Climate Superfund Act is constitutional and is not preempted. Movants' defense thus shares common questions of law with the main action. *See* Fed. R. Civ. P. 24(b)(1)(B); *Chamber* Order at 6.

### C.   Movants have strong interests in preserving the Act

The "nature and extent" of Movants' interests in this case weigh in favor of intervention. *H.L. Hayden*, 797 F.2d at 89. Movants' members have experienced or witnessed firsthand harms from climate change and will continue to face these harms without additional—and costly—

adaptation measures. These are precisely the harms that motivated the Act's passage and which the Act seeks to limit in the future.

Movants' members' homes, businesses, and communities have been devastated by flooding. Declaration of Allison Palmer (Palmer Decl.) ¶¶ 3-8; Declaration of Karl Bissex (Bissex Decl.) ¶¶ 4-6; Declaration of Katie Trautz (Trautz Decl.) ¶ 7; Declaration of Wesley Hamilton (Hamilton Decl.) ¶¶ 3, 5; Declaration of Andy Jones (Jones Decl.) ¶¶ 9-10, Declaration of Grace Oedel (Oedel Decl.) ¶¶ 7, 9.[2] Members have experienced and witnessed other climate impacts too, including heavier rainfall, increased drought, warmer summers, and wildfire smoke. Jones Decl. ¶¶ 14-15, Oedel Decl. ¶ 10, Declaration of Megan Malgeri (Malgeri Decl.) ¶¶ 4-8, Trautz Decl. ¶ 12. Movants and their members are currently shouldering the cost of recovering from these climate harms and adapting for the future: They have built floodwalls for their homes, gutted and rebuilt their businesses, moved their crops into greenhouses, begun the process of relocating their communities and businesses to higher ground, and more. Palmer Decl. ¶¶ 11-12; Bissex Decl. ¶¶ 15-16; Hamilton Decl. ¶¶ 5-7; Jones Decl. ¶ 8.

Movants stand to benefit from the Act. Funds from the Act could be used for a wide range of additional adaptation projects to protect Movants and their members against future climate harms. Trautz Decl. ¶ 14; Hamilton Decl. ¶ 9; Bissex Decl. ¶ 15; Jones Decl. ¶¶ 17, 19; Oedel Decl. ¶ 14; Malgeri Decl. ¶ 10; Vt. Stat. Ann. tit. 10, § 596(2) (defining "climate change adaption project"). In addition, Movants and their members—hundreds of individuals and farms—may benefit from other public projects that may be eligible for funding under the Act, such as upgrades to stormwater systems, the electric grid, bridges, and other infrastructure. Because "the

---

[2] Movants have attached the same declarations they and their members submitted in the *Chamber* case.

validity of a [law] from which its members benefit is challenged," Movants have a "sufficient" interest in this case. *N.Y. Pub. Int. Rsch. Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975) (per curiam).

Finally, Movants and their members played a critical role in advocating for the Act. CLF advised lawmakers during the legislative process and testified in support of the Act. Declaration of Kate Sinding Daly (Daly Decl.) ¶ 8. Andy Jones, a NOFA Vermont member, likewise testified in support of the Act. Jones Decl. ¶ 20. And CLF continues to track and support the Act's implementation. Daly Decl. ¶ 9. Movants "have an interest in seeking to uphold the validity of the legislation they worked to enact" and "would be denied the full opportunity to do so if" not permitted to intervene. *Chamber* Order at 6; *see also Bldg. & Realty Inst.*, 2020 WL 5658703, at *11; *Commack Self-Serv. Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 102 (E.D.N.Y. 1996); *Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*, No. 2:05-cv-302, 2006 WL 8567240, at *4 (D. Vt. May 3, 2006).

### D. Movants will contribute to the just and equitable adjudication of the case

Movants will "significantly contribute" to "the just and equitable adjudication of the legal questions presented." *H.L. Hayden*, 797 F.2d at 89. "[B]y representing a cross-section of Vermont citizens who have been allegedly harmed by climate change, [Movants] bear a unique perspective which will allow for the full development of relevant facts." *Chamber* Order at 7; *see also Commack*, 170 F.R.D. at 106. And Movants' "viewpoint and knowledge of the underlying circumstances would assist the court during the course of litigation." *Chamber* Order at 8 (citing *335-7 LLC v. City of New York,* No. 20-cv-1053, 2020 WL 3100085, at *3 (S.D.N.Y June 11, 2020)).

### E. Movants need not show that the State's representation is inadequate

As the Court recognized in the companion case, Rule 24(b) does not necessitate "a finding that party representation be inadequate" in order to grant permissive intervention. *Chamber* Order at 7 (quoting *New York v. United States Dep't of Health & Hum. Servs.*, No. 19-cv-4676 (PAE), 2019 WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019)). Accordingly, courts in this circuit routinely grant permissive intervention even when the state government will adequately defend the challenged law. *See, e.g.*, *New York*, 2019 WL 3531960, at *6 (granting permissive intervention without a finding of inadequate representation); *Comcast of Conn. v. Vt. Pub. Util. Comm'n*, No. 5:17-cv-161 (GWC), 2018 WL 11469513, at *4 (D. Vt. Feb. 8, 2018) (same); *Vt. All. for Ethical Healthcare, Inc. v. Hoser*, No. 5:16-cv-205 (GWC), 2016 WL 7015717, at *2 (D. Vt. Dec. 1, 2016) (same). Moreover, granting permissive intervention despite the State's adequate representation is especially appropriate where, as here, proposed intervenors will "assist in the just and equitable adjudication" of the case. *Allco Fin. Ltd.*, 300 F.R.D. at 88 (quoting *H.L. Hayden Co.*, 797 F.2d at 89); *see supra* Section I.D; *see also Chamber* Order at 7-8 (finding Movants' participation will assist the Court's adjudication of the companion case).

## II. Movants seek leave to defer filing a responsive pleading

Movants respectfully seek leave to defer filing their responsive pleading pursuant to Federal Rule of Civil Procedure 24(c) until August 22, 2025, seven calendar days after Defendants' deadline to file a responsive pleading. This is Movants' deadline to file a responsive pleading in the companion case and will allow Movants to minimize unnecessary repetition, thereby furthering judicial economy.

Courts regularly grant such requests where a movant's position is clear from its papers and opposing parties would not be prejudiced. *See, e.g.*, *Briscoe v. City of New Haven*, No. 3:09-cv-1642 (CSH), 2012 WL 13026762, at *6 (D. Conn. Oct. 5, 2012); *Blesch v. Holder*, No. 12-cv-

6

1578 (CBA), 2012 WL 1965401 at *2 (E.D.N.Y. May 31, 2012); *Windsor v. United States*, 797 F. Supp. 2d 320, 325 (S.D.N.Y. 2011). As described *supra*, Movants intend to argue that the challenged Act is constitutional and is not preempted. In addition, Movants intend to argue that for jurisdictional and/or jurisprudential reasons, this Court should not adjudicate Plaintiffs' claims. Plaintiffs would not be prejudiced by a deferral, since the case is at a very early stage and the briefing schedule can accommodate Movants' participation.

## CONCLUSION

For the foregoing reasons, the Court should grant Movants' motion for permissive intervention and Movants' request to defer filing a responsive pleading or motion to dismiss until August 22, 2025.

Dated: July 9, 2025

Respectfully submitted,

/s/ Bridget Asay
Bridget Asay
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, VT 05602
Telephone: (802) 858-4285
basay@stris.com

Michael Donofrio
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, VT 05602
Telephone: (802) 858-4465
mdonofrio@stris.com

*Counsel for Northeast Organic Farming Association of Vermont*

/s/ Adeline S. Rolnick*
Adeline S. Rolnick
Natural Resources Defense Council, Inc.
1152 15th Street Suite 300
Washington, DC 20005

Phone: (202) 513-6240
arolnick@nrdc.org

Mitchell S. Bernard*
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
Phone: (212) 727-4469
mbernard@nrdc.org

*Counsel for Northeast Organic Farming Association of Vermont and Conservation Law Foundation*

*Motion for pro hac vice forthcoming*

/s/ Elena M. Mihaly
Elena M. Mihaly
Conservation Law Foundation, Inc.
15 East State Street, Ste. 4
Montpelier, VT 05602
Phone: (802) 622-3012
emihaly@clf.org

*Counsel for Conservation Law Foundation*

8