**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>STATE OF VERMONT, et al.,<br><br>     *Defendants*,<br><br>  and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>     *Proposed Defendant-Intervenors*. | No. 2:25-cv-00463 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................. ii

INTRODUCTION .............................................................................................................. 1

BACKGROUND ................................................................................................................ 2

ARGUMENT ..................................................................................................................... 3

   I.    Permitting Movants to Permissively Intervene Would Unduly Delay this Case. ............... 4

   II.   Permitting Movants to Permissively Intervene Would Prejudice the United States........... 6

CONCLUSION.................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. New York*,
    2020 WL 5667181 (S.D.N.Y. Sept. 23, 2020) ........................................................................ 5

*Buck v. Gordon*,
    959 F.3d 219 (6th Cir. 2020) ........................................................................................... 3, 6

*City of New York v. Chevron Corp.*,
    993 F.3d 81 (2d Cir. 2021) ............................................................................................... 1, 2

*Eletson Holdings, Inc. v. Levona Holdings Ltd.*,
    2025 WL 1369730 (S.D.N.Y. May 9, 2025) ........................................................................ 8

*Entergy Nuclear Vermont Yankee, LLC v. Shumlin*,
    2011 WL 2173785 (D. Vt. June 2, 2011) ........................................................................... 4, 6

*Garcia v. S&F Logistics*,
    2022 WL 2392029 (E.D. Pa. July 1, 2022) ......................................................................... 5, 6

*H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*,
    797 F.2d 85 (2d Cir. 1986) ................................................................................................. 5

*Hoots v. Pennsylvania*,
    672 F.2d 1133 (3d Cir. 1982) ............................................................................................. 6

*League of Women Voters of Va. v. Va. State Bd. of Elections*,
    458 F. Supp. 3d 460 (W.D. Va. 2020) ............................................................................... 7, 8

*Marie v. Moser*,
    2014 WL 5800151 (D. Kan. Nov. 7, 2014) ......................................................................... 6

*Serv. Employees Int'l Union Loc. 1 v. Husted*,
    515 F. App'x. 539 (6th Cir. 2013) ...................................................................................... 7

*T-Mobile Northeast LLC v. Town of Barnstable*,
    969 F.3d 33 (1st Cir. 2020) ............................................................................................... 4, 6

*United States v. City of New York*,
    179 F.R.D. 373 (E.D.N.Y. 1998), *aff'd*, 198 F.3d 360 (2d Cir. 1999) ....................................... 5

*United States v. Pitney Bowes, Inc*.,
    25 F.3d 66 (2d Cir. 1994) ................................................................................................... 3

*United States v. Territory of Virgin Islands*,
    748 F.3d 514 (3d Cir. 2014) ............................................................................ 6

**Rules**

Fed. R. Civ. P. 24(b)(3) .......................................................................... 1, 2, 6

**Other Authorities**

*Declaring a National Energy Emergency*,
    Exec. Order 14156, 90 Fed. Reg. 8433 (Jan. 20, 2025) ...................................... 1, 7

*Protecting American Energy From State Overreach*,
    Exec. Order 14260, 90 Fed. Reg. 15513 (Apr. 8, 2025) ........................................ 7

Charles Alan Wright & Arthur R. Miller,
    7C Fed. Prac. & Proc. Civ. § 1913 (3d ed. 2025) ............................................... 3, 4

## INTRODUCTION

The United States filed this lawsuit to protect its sovereign interests against Vermont's unlawful attempt to regulate *global* greenhouse gas emissions. *See City of New York v. Chevron Corp.*, 993 F.3d 81, 85 (2d Cir. 2021) (holding that the City of New York could not "hold multinational oil companies liable" under New York law "for the damages caused by global greenhouse gas emissions"). Vermont's Climate Superfund Act not only intrudes on the federal government's constitutional and statutory authority—it exacerbates our national energy emergency by undermining efforts to build an "affordable and reliable domestic supply of energy," which "is a fundamental requirement for the national and economic security of any nation." *Declaring a National Energy Emergency*, Exec. Order 14156, 90 Fed. Reg. 8433, 8433 (Jan. 20, 2025). The political advocacy groups ("Movants") seeking to intervene here do not belong in this litigation, which at bottom is a dispute between the United States and Vermont on the division of power between the federal government and the states. Because their participation would unduly delay the litigation and prejudice the United States in its efforts to defend its sovereign interests, the Court should deny Movants' motion to intervene.

At the outset, the United States appreciates that the Court granted Movants' motion to intervene in *Chamber of Commerce v. Moore*, No. 2:24-cv-01513 (D. Vt.) ("*Chamber*"). *See Chamber*, Order, ECF No. 49 (June 30, 2025). But as noted above, this case (unlike that one) is a dispute between two sovereigns on the division of federal and state power. And as their motion makes clear, Movants—two private entities—would only distract from that core issue by turning the litigation into a forum to debate climate change and its impacts, which has no bearing on the purely legal constitutional and statutory questions presented in this case.

The United States also raises distinct arguments under Federal Rule of Civil Procedure

24(b)(3).  In rejecting the *Chamber* plaintiffs' arguments about undue delay and prejudice, the Court reasoned that granting intervention would not disrupt an initial briefing schedule or unnecessarily complicate the case.  *See Chamber*, Order at 5.  But the problem here is the inevitable delay of final judgment, not the delay of the current briefing schedule.  And that delay will prejudice the United States' ability to defend its constitutional and statutory authority—including its exclusive power over foreign affairs—and to combat the energy crisis that threatens our national and economic security.

**BACKGROUND**

Vermont's Climate Superfund Act imposes retroactive strict liability and severe monetary penalties on major fossil fuel companies—including foreign ones—for what Vermont alleges is each company's pro rata contribution to global greenhouse gas emissions from 1995 to 2024.  Compl. ¶¶ 19, 26, ECF No. 1.  The Act then funnels those penalty dollars into a fund to subsidize in-state infrastructure projects that have supposedly been necessitated by climate change.  *Id.* ¶ 19.  On May 1, 2025, the United States sued to enjoin this transparently unlawful scheme, *see generally City of New York*, 993 F.3d 81, asserting federal preemption claims under the Clean Air Act and Foreign Affairs Doctrine, as well as claims that the Superfund Act transgresses the Federal Constitution's limits on extraterritorial legislation and violates the Commerce Clause, *see* Compl. ¶¶ 45-110.

In *Chamber*, the Court permitted Movants to intervene under Rule 24(b) to defend against the plaintiffs' challenge to the same law.  In doing so, the Court rejected the plaintiffs' argument that intervention should be denied on grounds that the State defendants adequately represent Movants' interests.  *See Chamber*, Order at 6-7.  The Court also held that granting intervention would not cause undue delay or prejudice because it would not "delay the briefing schedule which [was]

2

in place [or] unnecessarily complicate the case." *Id*. at 5.  The Court concluded that the plaintiffs' opposition was further undermined by the participation of 24 intervenor-states and by the plaintiffs' agreement to both revise the briefing schedule and permit Movants to participate as amici curiae. *Id.*

Following the Court's order granting intervention in *Chamber*, Movants filed this motion. *See* Mem. in Support of Mot. to Intervene, ECF No. 24 (July 9, 2025) ("Mem.").

## ARGUMENT

For the sake of judicial economy and to preserve its rights, the United States incorporates the *Chamber* plaintiffs' argument that intervention should be denied because the State Defendants adequately represent Movants' interest.  *See Chamber*, Mem. in Opposition to Mot. to Intervene 3-10, ECF No. 24 (Apr. 14, 2025).  Below, the United States explains why intervention would also (1) "unduly delay" this case and (2) "prejudice" the United States.  *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) ("The principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." (quotation marks omitted)).  In short, because the alleged benefits of allowing intervention do not outweigh the risk of delay and prejudice to the United States, the Court should deny the motion.  *See Buck v. Gordon*, 959 F.3d 219, 224 (6th Cir. 2020) (failure to "weigh the benefits" of intervention "against the risk of undue delay and prejudice to the original parties" is "an abuse of discretion"); Charles Alan Wright & Arthur R. Miller, 7C Fed. Prac. & Proc. Civ. § 1913 (3d ed. 2025) ("In determining whether extra time would be an *undue* delay the court must remember that Rule 1 charges it with responsibility for both the 'just' and the

'speedy' determination of the action and it must balance whatever delay may occur against the advantages of" intervention. (emphasis added)); *id.* n.18 (collecting cases).

## I.     Permitting Movants to Permissively Intervene Would Unduly Delay this Case.

The Court should deny Movants' motion to intervene because their "participation as parties would unduly delay adjudication of this matter." *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 2011 WL 2173785, at *1 (D. Vt. June 2, 2011). "Multiplying the number of parties in a case will often lead to delay." *T-Mobile Northeast LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020). And although Movants vaguely state that they "are committed to avoiding duplication and working with the parties to advance the efficient adjudication of this matter," Mem. at 3, their motion suggests otherwise.

For one thing, their motion does not limit the scope of intervention. Instead, Movants demand full party status, which unlocks various privileges, such as seeking and conducting discovery, presenting oral argument, filing motions, and pursuing appeals. And there is reason to believe that Movants, if allowed to intervene, would exercise their right as parties to delay final judgment by seeking unnecessary factual development. For instance, Movants attached multiple exhibits to their motion purporting to establish facts relevant to this litigation, and they contend that their "unique perspective . . . will allow for the full development of relevant facts." Mem. at 5 (quoting *Chamber*, Order at 7). But given the purely legal issues raised here, the United States and Vermont agreed to—and the Court entered—a summary judgment briefing schedule that defers any consideration of discovery until after the Court rules on the forthcoming dispositive motions. *See* ECF Nos. 22 and 23. So unlike Movants, the actual parties do not anticipate any need for further factual development.

As for their legal arguments, Movants would offer nothing but distraction and duplication. Movants claim that their members have suffered from climate change and that their "viewpoint and knowledge of the underlying circumstances would assist the court during the course of the litigation." Mem. at 5 (quoting *Chamber*, Order at 8). But this litigation has nothing to do with climate change, its causes and effects, or the range of policy views on that hotly debated topic. Rather, this case presents purely legal questions—namely, whether the Clean Air Act and Foreign Affairs Doctrine preempt Vermont's Superfund Act, whether the Superfund Act exceeds the territorial limits of Vermont's legislative power, and whether the Superfund Act violates the Commerce Clause. *See* Compl. ¶¶ 45-110. The "unique perspective" Movants purport to bring, as well as their "viewpoint and knowledge of the underlying circumstances," have no bearing on these constitutional and statutory questions. Mem. at 5 (quoting *Chamber*, Order at 7).

The upshot is that Movants will not "significantly contribute to full development of the underlying factual issues in the suit"—there are no factual issues to develop—or "to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). To the contrary, Movants' participation will necessarily delay resolution of the merits by presenting the Court with a morass of extraneous information to sort through and consider. *See, e.g.*, *United States v. City of New York*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998) (denying permissive intervention because the claimed interests, "although broadly related to the subject matter of th[e] action, [were] extraneous to the issues before the court" and would thus "unduly delay the adjudication"), *aff'd,* 198 F.3d 360 (2d Cir. 1999); *Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. New York*, 2020 WL 5667181, at *7 (S.D.N.Y. Sept. 23, 2020) (same and collecting cases); *Garcia v. S&F Logistics*, 2022 WL 2392029, at *3 (E.D. Pa. July 1, 2022) (holding that "intervention is improper here because it may

inject extraneous issues into this litigation and further delay its resolution"). And even if Movants have relevant legal arguments to offer, "they have not explained how their defense of Vermont's scheme would avoid duplicating the arguments . . . presented by existing Defendants." *Entergy*, 2011 WL 2173785, at \*5; *see also T-Mobile Northeast LLC*, 969 F.3d at 41 (affirming denial of permissive intervention because the movants "did not articulate what, if anything, they would contribute to the vitality of the Town's defense"); *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982) (affirming denial of permissive intervention on grounds that "the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue'").

Thus, on balance, the United States' interest in promptly resolving this litigation outweighs any purported benefit in allowing Movants to intervene. *See Buck*, 959 F.3d at 224; *T-Mobile Northeast LLC*, 969 F.3d at 41-42 (affirming denial of permissive intervention because the movants "d[id] not appear poised to add anything of meaningful value to the litigation" and thus "would unduly hinder the efficient resolution"); *Marie v. Moser*, 2014 WL 5800151, at \*4 (D. Kan. Nov. 7, 2014) (declining "to grant permissive intervention . . . because allowing [the movant] to intervene with full-party status would clutter the litigation without providing any compensating benefit to the Court or the parties"). Accordingly, granting intervention would "*unduly* delay" these proceedings. Fed. R. Civ. P. 24(b)(3) (emphasis added).

## II.    Permitting Movants to Permissively Intervene Would Prejudice the United States.

A party can suffer prejudice under Rule 24(b)(3) if intervention would deprive it of a prompt resolution. *See T-Mobile Northeast LLC*, 969 F.3d at 41 (explaining that Rule 24(b)(3)'s directive to avoid "'undu[e] delay or prejudice'" . . . is especially important" when there is a need "to minimize delay in resolving disputes"); *United States v. Territory of Virgin Islands*, 748 F.3d 514, 525 (3d Cir. 2014) (concluding that the United States "would be prejudiced if forced to engage

in further litigation" in response to intervention); *Serv. Employees Int'l Union Loc. 1 v. Husted*, 515 F. App'x. 539, 541 (6th Cir. 2013) (affirming order denying intervention because "allowing the applicants' intervention will prejudice the existing parties and will inhibit, not promote, a prompt resolution" (cleaned up)).  So even if the Court concludes that intervention would not *unduly* delay this litigation, delay could still "*prejudice* the adjudication of the [United States'] rights." Fed. R. Civ. P. 24(b)(3) (emphasis added).

And that is especially true here, where Vermont is assuming authority over delicate federal questions, including foreign policy, and exacerbating the national energy emergency recently declared by the President.  *See* 90 Fed. Reg. at 8433.  Indeed, Vermont's attempt to punish "energy production . . . constitutes an unusual and extraordinary threat to our Nation's economy, national security, and foreign policy." *Id.*; *see Protecting American Energy From State Overreach*, Exec. Order 14260, 90 Fed. Reg. 15513, 15513 (Apr. 8, 2025) (finding that Vermont's imposition of liability on "energy producers for alleged past contributions to greenhouse gas emissions anywhere in the United States or the globe" "threaten[s] . . . our economic and national security").  And for the reasons noted above, allowing intervention would frustrate, not further, the prompt resolution of this profoundly important case.

Granting intervention would prejudice the United States in other ways as well.  Movants would inject irrelevant or superfluous arguments into the case, complicating and compounding the United States' own briefing.  And allowing intervention here—where Movants assert generalized interests and have nothing to offer but their own "viewpoint" on climate change—would open the door to a flood of other advocacy groups seeking to present their own policy views.  That outcome would be both unworkable and prejudicial.  *See, e.g.*, *League of Women Voters of Va. v. Va. State Bd. of Elections*, 458 F. Supp. 3d 460, 462 (W.D. Va. 2020) (denying permissive intervention

because it "would unduly prejudice the parties by opening the doors of [the] suit to any" state

resident "inclined to join").  Because permitting Movants "to enter this litigation would risk con-

verting this lawsuit into a public forum" and "clearly prejudic[e] the individual parties" by "caus-

ing needless complication and delay to their proceedings," the Court should deny the motion.  *Id.*

at 467.

## CONCLUSION

This is a dispute between two sovereigns on the division of federal and state power—a

dispute that the United States and Vermont are uniquely well-suited to litigate.  The political ad-

vocacy groups seeking to intervene here have nothing to contribute to the topic, and their promised

"perspective" on climate change is irrelevant because that issue is not before the Court.  Because

the purported benefits of intervention are far outweighed by the risk of undue delay and prejudice

to the United States, the Court should deny Movants' motion to intervene.[1]


Dated: July 23, 2025                              Respectfully submitted,

                                                  /s/ *Riley W. Walters*
                                                  RILEY W. WALTERS
                                                  Counsel
                                                  JOHN K. ADAMS
                                                  Senior Counsel
                                                  U.S. Department of Justice
                                                  Environment and Natural Resources Division
                                                  950 Pennsylvania Ave., N.W.
                                                  Washington, D.C. 20530
                                                  (202) 514-5442
                                                  Riley.Walters@usdoj.gov

---

[1] If the Court grants the motion, it should limit Movants' participation to the dispositive briefing that is currently in progress.  *See Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2025 WL 1369730, at *11 (S.D.N.Y. May 9, 2025) ("It is neither uncommon nor inappropriate for a court to impose conditions on permissive intervenors." (collecting sources)).

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, I electronically filed the foregoing response in opposition to the motion to intervene using the CM/ECF system, which electronically served all counsel of record.

/s/ *Riley W. Walters*
RILEY W. WALTERS
Counsel
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-5442
Riley.Walters@usdoj.gov