UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　　*Plaintiffs*,<br><br>　v.<br><br>STATE OF VERMONT, et al.,<br><br>　　　　*Defendants*,<br><br>　and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,<br><br>　　　　*Proposed Intervenor-Defendants* | No. 2:25-cv-00463 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

## ARGUMENT

Northeast Organic Farming Association of Vermont (NOFA) and Conservation Law Foundation (CLF) submit this reply to Plaintiffs' opposition to their motion to intervene, filed on July 23, 2025. Pls' Resp. Opp. Mot. Intervene, ECF No. 31 ("Pls.' Opp."). Plaintiffs assert that the proposed intervention will delay adjudication of the case and prejudice the United States. *Id.* at 4-8. Neither assertion is true.

The proposed intervention will not create delay. If the Court permits them to intervene, NOFA and CLF intend to move to dismiss Plaintiffs' complaint. That would be the quickest way to resolve the case. If the Court denies a motion to dismiss and Plaintiffs rely on disputed material facts to support a motion for summary judgment, discovery may be necessary. In any event, whether there will be a need for fact development is for the Court, not the parties, to decide. If the Court determines that discovery is appropriate, as intervenors, NOFA and CLF would participate in it. And if discovery does occur, the Court will have all the customary tools at its disposal to manage it to prevent undue burden or delay.

Regarding prejudice, Plaintiffs claim an interest in prompt resolution of the case. But they fail to mention that assessments under the Vermont Climate Superfund Act will not take effect for years from now. 2025 Acts & Resolves No. 47, Sec. 21 (final implementing rules due January 1, 2028). Nor do they say how NOFA and CLF's intervention will create the delay on which the purported prejudice is predicated. The proposed intervenors are willing to abide by any briefing schedule the Court orders, and they are already coordinating with the State Defendants to avoid unnecessary duplication in the event the Court allows them to intervene. There will be no appreciable delay; thus, there will be no prejudice to Plaintiffs.

Plaintiffs aver that NOFA and CLF will not add anything of value to the litigation. But in granting their motion to intervene in the companion challenge to the Act filed by the Chamber of

Commerce and the American Petroleum Institute, the Court has already found that NOFA and CLF, "by representing a cross-section of Vermont citizens who have been allegedly harmed by climate change, bear a unique perspective which will allow for the full development of relevant facts." Order Granting Mot. Intervene at 7, *Chamber of Com. v. Moore*, No. 2:24-cv-01513 (D. Vt. Jun. 30, 2025), ECF No. 49. Both the *Chamber* case and this one challenge the constitutionality of the same statute and raise similar legal issues. In both cases the State Defendants consent to NOFA and CLF's intervention. *Id.*; *see also* Mot. Intervene at 2, ECF No. 24. The Court's Rule 24 reasoning in the *Chamber* case applies equally here.

Finally, Plaintiffs raise the specter of "a flood of other advocacy groups seeking to" intervene to defend the Act. Pls.' Opp. at 7. Other than NOFA and CLF, no group has done so. Nor has any other individual or group sought to intervene as a defendant in the *Chamber* case filed seven months ago.

## CONCLUSION

For these reasons and those set forth in their motion and supporting memorandum of law, ECF No. 24, NOFA and CLF urge the Court to grant their motion to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

Dated: July 29, 2025                    Respectfully submitted,

*/s/ Bridget Asay*
Bridget Asay
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, VT 05602
Telephone: (802) 858-4285
basay@stris.com

Michael Donofrio
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, VT 05602
Telephone: (802) 858-4465
mdonofrio@stris.com

*Counsel for Northeast Organic Farming Association of Vermont*

*/s/ Adeline S. Rolnick*\*
Adeline S. Rolnick
Natural Resources Defense Council, Inc.
1152 15th Street Suite 300
Washington, DC 20005
Phone: (202) 513-6240
arolnick@nrdc.org

Mitchell S. Bernard\*
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
Phone: (212) 727-4469
mbernard@nrdc.org

*Counsel for Northeast Organic Farming Association of Vermont and Conservation Law Foundation*

*\*Admitted pro hac vice*

*/s/ Elena M. Mihaly*
Elena M. Mihaly
Conservation Law Foundation, Inc.
15 East State Street, Ste. 4
Montpelier, VT 05602
Phone: (802) 622-3012
emihaly@clf.org

*Counsel for Conservation Law Foundation*

3