U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 AUG -8 PM 4:49

CLERK

BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

UNITED STATES OF AMERICA and )
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY, )
    Plaintiffs, )
                     )
    v. )            No. 2:25-cv-00463
                     )
STATE OF VERMONT, PHILIP SCOTT, in )
his official capacity as Governor of )
Vermont, JULIE MOORE, in her official )
capacity as the Secretary of the Vermont )
Agency of Natural Resources, and JANE )
LAZORCHAK, in her official capacity as )
the Director of the Vermont Agency of )
Natural Resources Climate Action Office, )
    Defendants, )
                     )
NORTHEAST ORGANIC FARMING )
ASSOCIATION OF VERMONT and )
CONSERVATION LAW FOUNDATION )
    Intervenor-Defendants. )

## ORDER GRANTING NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION'S MOTION TO INTERVENE
(Doc. 24)

The Northeast Organic Farming Association of Vermont and the Conservation Law Foundation ("Movants") seek permission, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), to intervene in this matter to defend against Plaintiffs' challenge to the constitutionality and legality of legislation enacted in May 2024, known as the "Climate Superfund Act." (Doc. 24.) The United States of America and the United States Environmental Protection Agency (collectively "Plaintiffs") oppose this motion. (Doc. 31.)

Plaintiffs are represented by John K. Adams, Esq., Redding C. Cates, Esq., and Riley W. Walters, Esq. Movants are represented by Adeline S. Rolnick, Esq. and Mitchell S. Bernard, Esq.

The Northeast Organic Farming Association of Vermont is also represented by Bridget Asay, Esq. and Michael Donofrio, Esq.  The Conversation Law Foundation is also represented by Elena M. Mihaly, Esq.

### I. Background

Plaintiffs filed this action against the State of Vermont, the Governor of Vermont, the Secretary of the Vermont Agency of Natural Resources, and the Director of the Vermont Agency of Natural Resources Climate Action Office (collectively "Defendants") on May 1, 2025.  (Doc. 1, ¶¶ 15-18.)  Plaintiffs challenge the Climate Superfund Act, arguing that, by enacting such legislation, Vermont is engaged in an unconstitutional attempt to usurp the authority of the federal government.  (*Id.* ¶¶ 4, 6, 7); 2024 Vt. Acts & Resolves No. 122.  According to Plaintiffs, the Climate Superfund Act seeks to retroactively impose fines or penalties on major American fossil fuel businesses for their alleged contribution to greenhouse gas emissions.  (Doc. 1, ¶ 19.)  Plaintiffs allege the revenue accrued as a result would then be used to subsidize Vermont's "climate change adaptation projects."  (*Id.*)

The complaint was served on Defendants on May 19, 2025.  (Doc. 10; Doc. 11; Doc. 12; Doc. 13.)  Fifty-one days later, on July 9, 2025, Movants filed a Motion to Intervene.  (Doc. 24.)  Movants are organizations who allege their members have been harmed by climate change and could benefit from the implementation of the Climate Superfund Act.  (*Id.* at 6-8.)  Movants had previously sought to intervene in another matter challenging the Climate Superfund Act.  Motion to Intervene and for Leave to Defer Filing a Responsive Pleading, *Chamber of Commerce v. Moore et al.*, No. 24-CV-01513 (D. Vt. March 31, 2025), Doc. 19.  To avoid unnecessary motion practice, Movants waited to file this motion until the court issued a decision on their request to intervene in *Chamber*, but did notify Plaintiffs of their intent to seek intervention in this action on June 11,

2025. (Doc. 24 at 4.) The court granted their request to intervene in *Chamber* on June 30, 2025. Order Granting Northeast Organic Farming Ass'n of Vt. and Conservation L. Found.'s Motion to Intervene, *Chamber of Commerce v. Moore et al.*, No. 24-CV-01513 (D. Vt. June 30, 2025), Doc. 49.

## II. Legal Standard

Federal Rule of Civil Procedure 24(b)(1)(B) provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The trial court enjoys broad discretion in deciding whether to grant a request for permissive intervention. *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984). The Second Circuit has held that "[t]o be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (citation omitted). Courts consider the same factors for both requests to intervene as of right and permissive interventions. *"R" Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

While a failure to meet any one of these four requirements is a sufficient basis to deny a request for permissive intervention, it does not require the denial, as it would with a request to intervene as a matter of right. Instead, in the context of permissive intervention, the four considerations should be viewed with flexibility and discretion and taken "as a whole rather than

focusing narrowly on any one of the criteria." *Garcia v. Berkshire Nursery & Supply Corp.*, 705 F. Supp. 3d 188, 191 (S.D.N.Y. 2023) (citation omitted). "The principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (quoting Fed. R. Civ. P. 24(b)(2)). Other relevant factors include "the nature and extent of the intervenors' interest," and "whether [the] parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (citation omitted).

### III. Federal Rule of Civil Procedure 24(b)

#### A. Timely Motion

Starting with the requirements of Rule 24(b), the court must first consider whether the motion is timely. "Timeliness defies precise definition, although it certainly is not confined strictly to chronology." *Pitney Bowes, Inc.*, 25 F.3d at 70. Circumstances to consider in determining whether a motion is timely generally include: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Id.*

Here, the motion to intervene was filed fifty-one days after the complaint was served on Plaintiffs. (*See* Doc. 1; Doc. 10; Doc. 11; Doc. 12; Doc. 13.) Movants might have filed sooner but were attempting to avoid unnecessary litigation by waiting for a decision regarding intervention in *Chamber*. (*See* Doc. 24 at 4.) Neither responsive pleadings nor substantive motions

had been filed prior to the filing of the motion to intervene. The court finds the motion was filed promptly.

The gravamen of Plaintiffs' opposition to the intervention is that allowing the Movants to intervene will cause both delay and prejudice. (Doc. 31 at 8-12.) Plaintiffs argue permitting intervention would lead to delay, as Movants seek full party status, which may lead to unnecessary factual development and ultimately delay final judgment. (*Id.* at 8.) Additionally, Plaintiffs assert permitting intervention would deprive it of a prompt resolution, which is of particular concern when the issue pertains to "delicate federal questions." (*Id.* at 11.)

The court is unpersuaded by these arguments. Movants have indicated their commitment to "avoiding duplication and working with the parties to advance the efficient adjudication of this matter." (Doc. 24 at 6.) Movants adopted this approach in presenting the preliminary issue of intervention. Additionally, the court has entered a briefing schedule that can accommodate Movants' participation in a manner consistent with the scheduling order in *Chamber.* Intervention will cause no delay in the filing of motions or responses. (Doc. 23); Scheduling Order, *Chamber of Commerce v. Moore et al.*, No. 24-CV-01513 (D. Vt. June 30, 2025), Doc. 52.

Additionally, the court does not find Plaintiffs would be prejudiced by Movants' intervention. Unlike the cases cited by Plaintiffs, this is not a situation where the timing of the proposed intervention creates prejudicial delay in the disposition of the issues. *Cf. T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) (delay caused by proposed intervention of neighbors, who failed to articulate how their involvement would aid in the disposition of case, found prejudicial in matter involving Telecommunications Act, which requires courts to hear and decide such actions on expedited basis); *United States v. Territory of Virgin Islands*, 748 F.3d 514, 525 (3d Cir. 2014) (proposed intervention by individual inmate, within weeks of original parties

reaching settlement, in litigation pending for twenty-eight years, deemed prejudicial); *Serv. Emps. Int'l Union Loc. 1 v. Husted*, 515 Fed. App'x. 539, 542-43 (6th Cir. 2013) (permitting voters to intervene one business day before scheduled hearing on preliminary injunction, five weeks after complaint filed, and more than two weeks following briefing on complex motion was prejudicial due to risk of upsetting expedited schedule necessitated by upcoming election).

To the extent Plaintiffs express concern about the breadth of future discovery and the development of irrelevant facts, the court retains authority to address issues that might arise throughout discovery. Plaintiffs may seek relief during the discovery process if the need arises.

In contrast, the court finds Movants might experience prejudice if they were denied the opportunity to intervene. Movants allege both they and their members have experienced the impacts of climate change and borne the cost of recovering from harms caused by climate change. (Doc. 24 at 7.) They played an active role in the enactment of the legislation and have an interest in seeking to uphold its validity. (*Id.* at 8); *see Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*, No. 05-CV-302, 2006 WL 8567240, at *5 (D. Vt. May 3, 2006) (citation omitted) (reasoning proposed intervenors have interest in validity of regulations they worked to have adopted); *see also 335-7 LLC v. City of New* York, No. 20 CIV. 1053, 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020) (allowing intervention when proposed intervenors have first-hand experience with statute at issue). They would be denied the full opportunity to do so if the motion to intervene was not granted.

Finally, the court does not find any unusual circumstances militating for or against a finding of timeliness. After balancing the factors, specifically the promptness with which the motion was filed as well as the lack of delay or prejudice caused by Movants' involvement, the court finds Movants' motion is timely.

### B. Common Questions of Law or Fact

Rule 24(b) next requires the movants to have a claim or defense that shares a common question of law or fact with the underlying action. Fed. R. Civ. P. 24(b)(1)(B); *see Floyd*, 770 F.3d at 1057. It is undisputed the Movants' defense shares common questions of law or fact with the underlying action. "Movants intend to argue that the [Climate Superfund Act] is constitutional and is not preempted." (Doc. 24 at 10.)

### C. Undue Delay or Prejudice

Finally, Rule 24(b)(3) requires the court to consider whether the intervention would unduly delay or prejudice adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(3). The Second Circuit has held this is the guiding principle in considering requests for permissive intervention. *Pitney Bowes*, 25 F.3d at 73. As previously explained, the court cannot find intervention would unduly delay or complicate this matter, nor can it find the proposed intervention would prejudice adjudication of the rights of the original parties.

### IV. Additional Considerations

Plaintiffs incorporate the arguments made by the plaintiffs in *Chamber of Commerce v. Moore*, who asserted that, in deciding whether to grant permissive intervention, the adequate representation of an issue by another party is a required consideration. (Doc. 31 at 7); Plaintiff's Response In Opposition To Motion To Intervene at 7-8, *Chamber of Commerce of the United States of America et al. v. Moore et al.*, No. 24-CV-01513 (D. Vt. Apr. 14, 2025), Doc. 24. While the court must consider this factor, in the context of a request for permissive intervention, the court should not focus "narrowly" on this one criterion. *See Garcia*, 705 F. Supp. 3d at 191. Rule 24(b) does not necessitate "a finding that party representation be inadequate" before granting permissive intervention. *New York v. United States Dep't of Health & Hum. Servs.*, No. 19 CIV. 4676, 2019

WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019) (citation omitted). In fact, under Rule 24(b), the adequacy of party representation is only "a minor factor at most." *United States v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980). "[W]hile existing adequate representation may militate against allowing permissive intervention, such intervention may still be appropriate if the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties." *United States Dep't of Health & Hum. Servs.*, 2019 WL 3531960, at *6 (citations omitted).

Here, Defendants consent to the intervention. (Doc. 24 at 5.) While not dispositive, a State's consent to intervention may be seen as an acknowledgement that Movants might "be able to advocate for aspects of the case that are outside of the State's purview, or beyond its area of expertise." *Green Mountain*, 2006 WL 8567240, at *5 (citation omitted). The court found in *Chamber* that Movants may be in a better position "to advocate for their members."

### V. Order

For the foregoing reasons, Movant's Motion to Intervene (Doc. 24) is hereby GRANTED. It is further ORDERED that Intervenor-Defendants shall file their responsive pleading(s) or motion(s) to dismiss on or before August 22, 2025. Intervenor-Defendants shall file (i) any reply(ies) in support of their motion(s) to dismiss, (ii) any opposition(s) to summary judgment (and/or cross-motion(s) for summary judgment) on or before November 21, 2025.

DATED at Rutland, in the District of Vermont, this 8th day of August 2025.

Mary Kay Lanthier
United States District Judge