UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>STATE OF VERMONT, et al.,<br><br>    *Defendants*,<br><br> and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>    *Defendant-Intervenors*. | No. 2:25-cv-00463 |

**RULE 56 STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 56(a), Plaintiffs the United States of America and U.S. Environmental Protection Agency submit the below statement of material facts as to which there is no genuine dispute to be tried, in support of their motion for summary judgment. Plaintiffs further note that many of the undisputed material facts below are judicially noticeable. *See Vill. Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 299 n.7 (2d Cir. 2022) ("A court may take routine judicial notice of documents retrieved from official government websites."); *Hadwan v. U.S. Dep't of State*, 139 F.4th 209, 219 (2d Cir. 2025) (taking judicial notice of government report).

**Vermont Fossil Fuel Production and Greenhouse Gas Emissions**

1. "Vermont has no crude oil reserves or production, nor does it have any petroleum refineries." Vermont, State Profile and Energy Estimates, U.S. Energy Info. Admin. (last updated Dec. 19, 2024), https://perma.cc/L6KW-FGYE.

2. Vermont "has no natural gas reserves or production." *Id.*

3. Vermont has no "coal mines or coal reserves." *Id.*

4. Vermont "has the lowest carbon dioxide emissions of any state in the nation." *Id.*

5. "According to EPA, in 2022, $CO_2$ emissions accounted for about 80% of total gross U.S. anthropogenic [greenhouse gas] emissions." Energy and the Environment Explained: Where Greenhouse Gases Come From, U.S. Energy Info. Admin. (June 18, 2024), https://perma.cc/SMA8-Q9GN.

**Implementation of Climate Superfund Act**

6. On July 24, 2024, State Treasurer Mike Pieciak and Agency of Natural Resources Secretary Julie Moore issued a request for information seeking "expert opinions and advice to inform which fossil fuel companies must be held accountable under Act 122, including how to determine their relative share of climate-related loss and damage that Vermont has experienced over the past 30 years." Treasurer Pieciak and Secretary Moore Invite Expert Input on Climate Superfund Implementation, State of Vermont: Office of the State Treasurer (July 2024), https://perma.cc/2RES-SECW. This action "mark[ed] the first step in effectuating the historic legislation." *Id.*

7. In January 2025, the Agency of Natural Resources, in consultation with the State Treasurer, submitted the required "report to the General Assembly detailing the feasibility and

progress of carrying out the requirements of this chapter, including any recommendations for improving the administration of the Program." Vt. Stat. Ann. tit. 10, § 599a(a); *see* Act 122, Climate Superfund Cost Recovery Program, Report to the General Assembly (Jan. 15, 2025), https://perma.cc/5UPW-M4B7.

8.  The report requested more time and funding so the State Treasurer could provide a more "robust" assessment of the cost to Vermont from covered greenhouse gas emissions, given the "significant and consequential work" required. *See* Report to the General Assembly, *supra*, at 8–9.

## U.S. Foreign Policy

9.  In 1987, Congress enacted the Global Climate Protection Act. *See* Pub. L. No. 100-204, Title XI, §§ 1101–1106, 101 Stat. 1331, 1407–09 (1987), reprinted as note to 15 U.S.C. § 2901; Declaration of Deputy Secretary of State Christopher Landau ("Landau Decl.") ¶ 4.

10. The Global Climate Protection Act provides that the United States should "work toward multilateral agreements" on the issue of greenhouse gas emissions. § 1103(a)(4), 101 Stat. at 1408; Landau Decl. ¶ 4.

11. The Global Climate Protection Act assigns the President and EPA responsibility for devising a "coordinated national policy on global climate change." § 1103(b), 101 Stat. at 1408; Landau Decl. ¶ 4. It also tasks the President and the Secretary of State with coordinating climate change policy in the international arena. § 1103(c), 101 Stat. at 1409; Landau Decl. ¶ 4.

12. The United States is a party to the United Nations Framework Convention on Climate Change of 1992 (the "Framework Convention"). Landau Decl. ¶ 5; https://unfccc.int/resource/docs/convkp/conveng.pdf (last visited September 14, 2025).

13. The Framework Convention was ratified by the President with the advice and consent of the Senate. Landau Decl. ¶ 5; Senate Daily Digest Regarding Treaty Doc. 102-38: "United Nations Framework Convention on Climate Change."

14. The United States is not a party to the Kyoto Protocol of 1997, which imposes upon parties legally binding greenhouse gas emissions limitations and reduction targets that are listed in Framework Convention Annex I (a list that includes the United States). Landau Decl. ¶ 6.

15. Although the United States signed the Kyoto Protocol, President Clinton never submitted it to the Senate for advice and consent. Landau Decl. ¶ 6. Instead, the Senate passed a unanimous resolution expressing disapproval of any protocol or other agreement that provides for disparate treatment of parties based on their development status for the imposition of new commitments to limit or reduce greenhouse gas emissions. Landau Decl. ¶ 6; S. Res. 98, 105th Cong. (1997).

16. President Trump has taken multiple actions that make clear the U.S. foreign policy with respect to energy and climate change. Landau Decl. ¶ 11.

17. On January 20, 2025, President Trump directed the U.S. Ambassador to the United Nations to submit notification of the United States' withdrawal from the 2015 Paris Climate Agreement. Landau Decl. ¶ 11; *see Putting America First in International Agreements*, Exec. Order No. 14162, § 3(a), 90 Fed. Reg. 8,455, 8,455 (Jan. 20, 2025).

18. On January 20, 2025, President Trump also declared a national energy emergency pursuant to the National Emergencies Act, 50 U.S.C. 1601 *et seq*., on the basis that insufficient energy production is a threat to national security and economic prosperity. Landau Decl. ¶ 12; *see Declaring a National Energy Emergency*, Exec. Order No. 14156, § 1, 90 Fed. Reg. 8,433, 8,434 (Jan. 20, 2025).

19. President Trump has determined that "[i]t shall be the policy of my Administration to make America energy dominant," and in furtherance of this policy, the United States "must expand all forms of reliable and affordable energy production," including fossil fuels. Landau Decl. ¶ 13; *Establishing the National Energy Dominance Council*, Exec. Order No. 14213, § 1, 90 Fed. Reg. 9,945 (Feb. 14, 2025).

20. President Trump established the National Energy Dominance Council, which includes the Secretary of State, to provide the President with recommendations for increasing affordable energy production, including through elimination of unnecessary regulation and promoting awareness of "the national security concerns with removing reliable and affordable energy sources." Landau Decl. ¶ 13; 90 Fed. Reg. 9,945.

21. Vermont's Climate Superfund Act conflicts with U.S. foreign policy. Landau Decl. ¶¶ 14–20.

**Vermont Legislators' Statements**

22. In a May 2025 op-ed, Vermont State Senator Nader Hashim and Vermont State Representative Martin LaLonde explained that the Vermont Climate Superfund Act requires "some of the world's largest and most profitable fossil fuel corporations" to "pay their fair share and help clean up the climate mess their products and activities have caused." Sen. Nader Hashim & Rep. Martin LaLonde, *Vermont Can Hold Polluters Accountable*, The Caledonian-Record (May 9, 2025), https://perma.cc/7RRW-5W8T.

23. In their July 2024 request for information, Vermont State Treasurer Mike Pieciak explained that his "Office stands ready . . . to ensure the costs of climate change are shouldered by the polluters responsible, not Vermonters," and Vermont Secretary of Natural Resources Julie

Moore explained that the Superfund Act will "hold fossil fuel companies accountable" for "climate change." *See supra* ¶ 6.

## Impact on National Energy Market

24. In *Chamber of Commerce of the United States, et al. v. Moore, et al.*, 24-cv-1513, the Senior Director, Climate Strategy & Technology, Corporate Strategic Planning at Exxon Mobil Corporation filed a declaration stating that "[t]he imposition of the cost recovery demand on ExxonMobil and other companies is poised to significantly affect the U.S. fossil fuel industry." Chamber Mot. for Summ. J., Case No. 24-cv-1513, Declaration of Vijay Swarup, Dkt. No. 100-6, ¶ 22 (Sept. 15, 2025).

25. The same declaration also explained that "the State of Vermont's significant cost recovery demands would have to be paid, and the funds to make that payment would have to come from somewhere, forcing energy producers like ExxonMobil to make strategic business decisions about capital investments, production volumes, planning, prices, contracts, and personnel." *Id.* ¶ 27.

26. In *Chamber of Commerce of the United States, et al. v. Moore, et al.*, 24-cv-1513, the Senior Vice President of Policy, Economics and Regulatory Affairs at the American Petroleum Institute filed a declaration stating that "[t]he [Superfund] Act could negatively affect energy production and could increase energy costs . . . ." Chamber Mot. for Summ. J., Case No. 24-cv-1513, Declaration of Dustin Meyer, Dkt. No. 100-5, ¶ 17 (Sept. 15, 2025).

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

JUSTIN D. HEMINGER
*Acting Deputy Assistant Attorney General*

/s/ *Riley W. Walters*
RILEY W. WALTERS
*Counsel to the Acting Assistant Attorney General*
JOHN K. ADAMS
*Senior Counsel to the Acting Assistant Attorney General*
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-5442
Riley.Walters@usdoj.gov

September 15, 2025
Washington, D.C.

## CERTIFICATE OF SERVICE

  I hereby certify that on September 15, 2025, I electronically filed the foregoing Statement of Undisputed Material Facts using the CM/ECF system, which electronically served all counsel of record. Pursuant to Local Civil Rule 56(c), I also provided all counsel of record with an electronic copy in standard word processing format via email.

               /s/ *Riley W. Walters*
               RILEY W. WALTERS
               *Counsel to the Acting Assistant Attorney General*
               U.S. Department of Justice
               Environment and Natural Resources Division
               950 Pennsylvania Ave., N.W.
               Washington, D.C. 20530
               (202) 514-5442
               Riley.Walters@usdoj.gov