# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Plaintiffs*, <br><br> v. <br><br> STATE OF VERMONT, et al., <br><br> *Defendants*, <br><br> and <br><br> NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION, <br><br> *Intervenor-Defendants.* | No. 2:25-cv-00463 |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE, <br><br> *Plaintiffs*, <br><br> and <br><br> STATE OF WEST VIRGINIA, et al., <br><br> *Intervenor-Plaintiffs,* <br><br> v. <br><br> JULIE MOORE, et al., <br><br> *Defendants*, <br><br> and <br><br> NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION, <br><br> *Intervenor-Defendants.* | No. 2:24-cv-01513 |

**DECLARATION OF ADELINE S. ROLNICK PURSUANT TO FED. R. CIV. P. 56(d)**

1

I, Adeline Rolnick, declare as follows:

1. I am counsel for Intervenor-Defendants Northeast Organic Farming Association of Vermont and Conservation Law Foundation. I am a member in good standing of the bars of the State of New York and the District of Columbia. I have been admitted *pro hac vice* in the U.S. District Court for the District of Vermont for the above-captioned matters.

2. I submit this declaration in support of Intervenor-Defendants' opposition to the motions for summary judgment filed by all plaintiffs and plaintiff-intervenors (collectively, "Plaintiffs") in the above-captioned cases. Case No. 2:24-cv-01513, ECF Nos. 100 (Chamber Plaintiffs' motion), 102 (State Plaintiffs' motion); Case No. 2:25-cv-00463, ECF No. 50 (United States' motion). I have personal knowledge of the contents of this declaration.

3. Intervenor-Defendants explain in their combined Memorandum of Law in Support of Intervenor-Defendants' Motion for Summary Judgment, in Opposition to Plaintiffs' Motions for Summary Judgment, and Reply Memorandum in Support of Intervenor-Defendants' Motion to Dismiss ("Mem.") that Plaintiffs' motions for summary judgment should be denied as a matter of law. Intervenor-Defendants argue, among other things, that the facts Plaintiffs submit in support of their motions for summary judgment are not relevant or material, Mem. 4-5, and that portions of the declarations should be disregarded pursuant to Fed. R. Civ. P. 56(c)(2) and (c)(4) because they were not made on personal knowledge, do not set out facts that would be admissible in evidence, and do not show that the declarant is competent to testify on the matters stated, Mem. 6-8. Intervenor-Defendants include similar arguments in their responses to plaintiffs' statements of undisputed material facts. Case No. 2:24-cv-01513, ECF Nos. 100-2 (Chamber Plaintiffs' statement), 102-2 (State Plaintiffs' statement); Case No. 2:25-cv-00463, ECF No. 50-2 (United States' statement).

4.       If, however, the Court finds that any of Plaintiffs' factual assertions on the topics identified below are material to resolution of the motions for summary judgment and satisfy Fed. R. Civ. P. 56(c)(2) and (c)(4), the Court should deny Plaintiffs' motions for summary judgment or defer ruling on the motions until Intervenor-Defendants have had an opportunity to conduct discovery on the topics discussed below.

5.       Several of Plaintiffs' declarants assert, without elaboration, that the Vermont Climate Superfund Act ("Vermont Act") may, is likely to, or will affect fossil fuel capital investments, fossil fuel production, and/or energy prices. State Plaintiffs, for example, submitted declarations from vehicle fleet managers, a contract compliance manager, a family services employee, a geologist for a railroad agency, and other state agency employees claiming that the Vermont Act will affect fossil fuel production, investments, or energy prices.[1] If these statements are not rejected for lack of foundation and personal knowledge, or because they do not set out facts that would be admissible in evidence, Intervenor-Defendants should be entitled to test them through written discovery and/or depositions, including questions as to the basis for these employees' opinions that the Vermont Act will cause fossil fuel producers to reduce capital investments, change production volumes, or raise prices.

6.       An Exxon executive claims that if Exxon is assessed under the Vermont Act, it will have to make unspecified "strategic business decisions" about unspecified investments,

---

[1] *See, e.g.*, Declaration of Brian Renner ¶ 4, ECF No. 102-5; Declaration of Christopher Thacker ¶ 22, ECF No. 102-7; Declaration of Greg Bright ¶ 6, ECF No. 102-11; Declaration of Gregory Sorrels ¶ 4, ECF No. 102-12; Declaration of Jason Glass ¶ 5, ECF No. 102-13; Declaration of Jazzmin Randall ¶ 5, ECF No. 102-15; Declaration of John Rogers ¶ 12, ECF No. 102-16; Declaration of Kenneth Yoakum ¶ 5, ECF No. 102-19; Declaration of Kirk Grable ¶ 4, ECF No. 102-21; Declaration of Leslie Savage ¶¶ 9-11, ECF No. 102-23; Declaration of Nathan Oliver ¶ 5, ECF No. 102-27; Declaration of Paul Bowling ¶ 3, ECF No. 102-29; Declaration of Robert Kilpatrick ¶ 7, ECF No. 102-31; Declaration of Scott Adkins ¶¶ 11-12, ECF No. 102-32.

production volumes, planning, prices, contracts, or personnel. Declaration of Vijay Swarup ¶ 27, ECF No. 100-6. The executive further asserts that the Vermont Act will "significantly affect the U.S. fossil fuel industry." *Id.* ¶ 22. Intervenor-Defendants explain that these allegations fall short of claiming that the Vermont Act will cause Exxon or others to reduce capital investments for fossil fuel production, reduce production, or raise prices, but if the Court finds these allegations material to any issues in the motions for summary judgment, Intervenor-Defendants should be entitled to test through discovery the basis for the executive's claims. Topics for discovery would include, for example, what amount of a one-time retroactive assessment would allegedly cause a business with hundreds of billions of dollars of revenues to reduce capital investments or production or attempt to raise prices, and why, and whether and how Exxon alone can affect global energy prices.

7.   The discussion above includes a non-exhaustive list of variations on similar factual assertions. Regardless of how phrased and by which declarants, the topics for discovery fall within the following categories: the factual basis for assertions that the Vermont Act may or will affect fossil fuel capital investments, production, or pricing, or energy pricing more generally, or assertions that the Vermont Act will otherwise harm the states or their citizens. Intervenor-Defendants have not had an opportunity to take discovery on these topics because discovery in the case has been deferred. Intervenor-Defendants cannot obtain the needed information outside of the discovery process because the information involves opinions of individual declarants and discovery is needed to probe the bases for those opinions. Intervenor-Defendants contend that discovery will demonstrate that there is no credible basis for the declarants' assertions as to the impact of the Vermont Act.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 21, 2025.

/s/ Adeline S. Rolnick
Adeline S. Rolnick
Natural Resources Defense Council, Inc.
1152 15th Street Suite 300
Washington, DC 20005
Phone: (202) 513-6240
arolnick@nrdc.org

*Counsel for Northeast Organic Farming Association of Vermont and Conservation Law Foundation*