UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br>　　　　*Plaintiffs*,<br>　v.<br>STATE OF VERMONT, et al.,<br>　　　　*Defendants*,<br>　and<br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,<br>　　　　*Intervenor-Defendants*. | No. 2:25-cv-00463 |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE,<br>　　　　*Plaintiffs*,<br>　and<br>STATE OF WEST VIRGINIA, et al.,<br>　　　　*Intervenor-Plaintiffs,*<br>　v.<br>JULIE MOORE, et al.,<br>　　　　*Defendants*,<br>　and<br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,<br>　　　　*Intervenor-Defendants*. | No. 2:24-cv-01513 |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* BY VERMONT PUBLIC INTEREST RESEARCH GROUP**

　　　Vermont Public Interest Research Group (VPIRG) respectfully asks this Court for leave

to file the attached *amicus curiae* brief in the two above-captioned cases in support of

Defendants' and Intervenor-Defendants' dispositive motions. Undersigned counsel contacted counsel for each party to these proceedings; no party opposes this motion.

In support of this motion, VPIRG states the following:

1. District courts have authority to grant leave to individuals or entities to file amicus briefs, and this Court does so in accordance with Rule 29 of the Federal Rules of Appellate Procedure. *See Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-CV-230, 2015 WL 13979688, at *3 (D. Vt. Sept. 14, 2015) ("While the Local Rules do not provide for the filing of briefs as amicus curiae, this court has authorized such filings when the individual or entity seeking to file the brief requests the leave of the court to do so in accordance with Rule 29 of the Federal Rules of Appellate Procedure.").

2. Because no party opposes the filing of the proposed *amicus curiae* brief, Rule 29 is satisfied on this basis alone. *See* Fed. R. App. P. 29; *see also Allen*, 2015 WL 13979688, at *3.

3. Regardless, this motion would satisfy Rule 29 because VPIRG has a clear interest in filing the brief, the brief is "desirable," and "the matters asserted are relevant to the disposition of the case." *Allen*, 2015 WL 13979688, at *3 (quoting Fed. R. App. P. 29).

4. As more fully explained in the proposed *amicus curiae* brief, VPIRG has a clear and compelling interest in this case. VPIRG is a state-wide advocacy group representing over 30,000 Vermonters that has worked on advocating for, drafting, and passing numerous state laws, including the Vermont Climate Superfund Act ("Act"). The State's ability to enact and implement legislation that promotes and protects the health of the State's people, environment, and economy is both a core foundation of VPIRG's work and critical to the Vermonters it represents. The Act was specifically designed to help the State adapt to climate change, both through project planning and revenue raising, and VPIRG members have a deep and vested

interest in this Court upholding the Act's constitutionality and in the Act's continued implementation. VPIRG's detailed knowledge of the need for climate adaptation in Vermont and the circumstances of the Act's passage and design allow VPIRG to make a "strong but responsible presentation in support of" Defendants and Intervenor-Defendants. *Neonatology Associates, P.A. v. C.I.R.,* 293 F.3d 128, 131-32 (3rd Cir. 2002) ("an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend").

5. The proposed *amicus curiae* brief is desirable and will assist the Court in deciding the parties' pending dispositive motions. The proposed amicus brief provides the Court with important state-level context behind the enactment and implementation of the Act, including facts and data not included in the parties' briefs. VPIRG has close ties with Vermonters and communities across the state and offers unique information on both the physical and financial impacts of climate change on Vermont as well as the Act's importance for ordinary Vermont residents, including VPIRG's many members. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (amicus can contribute by offering factual nuance or practical perspectives, or by "presenting ideas, arguments, theories, insights, facts, or data that are not found in the briefs of the parties" (citation modified)).

6. In particular, the proposed *amicus curiae* brief offers a unique perspective on the drafting and legal components of the Act that will assist the Court in understanding the Act's origins, purpose, and design. VPIRG played a central role in advocating for the State to exercise its authority to assist struggling residents and communities with adapting to climate change by passing the Act. The proposed amicus brief offers additional insights into the legislative history of the Act not provided in the parties' briefs. *Id.*

7. The proposed *amicus curiae* brief provides a Vermont-resident perspective on the Act's importance. VPIRG's members span the entire state. The Act's aim is to ensure that Vermont, its communities, and its residents can recover from previous climate disasters and adapt in the face of the major climate impacts to come.

8. VPIRG's proposed *amicus curiae* brief therefore offers the Court an important and relevant analysis that goes beyond what the parties' briefs provide and will inform the resolution of the legal issues before the Court.

9. No counsel for any party authored this brief in whole or in part. No other person or entity made a monetary contribution to the preparation or submission of the brief.

For all these reasons, VPIRG requests that the Court grant this motion and accept the attached proposed *amicus curiae* brief.

Dated:      November 21, 2025

*/s/ Christophe Courchesne*
Christophe Courchesne
Associate Professor and Director
Environmental Advocacy Clinic
Vermont Law and Graduate School
164 Chelsea Street, PO Box 96
South Royalton, VT 05068
(802) 831-1630
(802) 831-1631 (fax)
ccourchesne@vermontlaw.edu

*Counsel for Amicus Curiae Vermont Public Interest Research Group*