UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>   *Plaintiffs,*<br><br>   v.<br><br>STATE OF VERMONT et al.,<br><br>   *Defendants,*<br>and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>   *Intervenor-Defendants.* | No. 2:25-cv-00463 |

**PLAINTIFFS' RESPONSE TO THE INTERVENOR-DEFENDANTS'
STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS**

   Pursuant to Local Civil Rule 56(b), Plaintiffs the United States of America and U.S. Environmental Protection Agency (collectively, the "United States") submit this response to Intervenor-Defendants' Statement of Additional Undisputed Material Facts. Each paragraph in Intervenor-Defendants' Statement of Additional Undisputed Material Facts is irrelevant and immaterial to the legal issues in the case, so the Court need not resolve any factual disputes to grant the United States' motion for summary judgment. Moreover, because the pending motions seek resolution before discovery, the United States reserves the right to dispute any facts characterized below as "undisputed" if further proceedings become necessary. Finally, the United States does not address every evidentiary deficiency here and preserves all evidentiary objections to the below paragraphs and materials cited therein, including objections to the expert declarations.

I.   **Vermont Climate Superfund Act**

1.   The Vermont State Treasurer has not completed the cost assessment required under the Climate Superfund Act, Vt. Stat. Ann. tit. 10, § 599c. The Treasurer intends to complete the assessment on or around January 15, 2027. Declaration of Sue Minter ¶ 6, ECF No. 110-4 (*Chamber* case), ECF No. 54-4 (*United States* case).

>   **Response:**   Undisputed that, to the best of the United States' knowledge, the Vermont State Treasurer has not completed the cost assessment required under the Climate Superfund Act. Undisputed that the Declaration of Sue Minter states that the Treasurer intends to complete the cost assessment on or around January 15, 2027. Still, the paragraph is disputed as irrelevant and immaterial to the resolution of the pending motions.

2.   The Vermont Agency of Natural Resources has not completed the proposed or final rulemakings required under the Climate Superfund Act. The Agency intends to complete the rulemakings on or around January 1, 2028. Declaration of Jane Lazorchak ¶ 5, ECF No. 110-3 (*Chamber* case), ECF No. 54-3 (*United States* case). The Agency intends to issue cost recovery demands on or around July 1, 2028. *Id.* ¶ 8.

>   **Response:**   Undisputed that, to the best of the United States' knowledge, the Vermont Agency of Natural Resources has not completed the proposed or final rulemakings required under the Climate Superfund Act. Undisputed that the Declaration of Jane Lazorchak states that the Agency intends to complete the rulemakings on or around January 1, 2028, and issue cost recovery demands on or around July 1, 2028. Still, the paragraph is disputed as irrelevant and immaterial to the resolution of the pending motions.

II.  **The Economic Impact of Cost Recovery Demands**

3.   The Act will have no impact on the market price of fossil fuels and will provide no incentive for any company to change its production, sales, investments, or technology. *See* Fullerton Decl. ¶¶ 33, 40-42.

>   **Response:**   Disputed as irrelevant and immaterial to the resolution of the pending motions because whether the Act has an impact on the fossil-fuel market has no bearing on the United States' sovereign interest standing, authority

2

to sue, or the merits of its purely legal claims. Also disputed because the statement that the Act will have "no impact" on the market price of fossil fuels and will provide "no incentive" for any company to adjust behavior defies common sense and basic economics. *See City of New York v. Chevron Corp.*, 993 F.3d 81, 93 (2d Cir. 2021) ("[T]he notion that financial incentives" affect environmental behavior "is hardly novel as common sense and basic economics tells us that increased cost of conduct will make that conduct less common." (cleaned up)). In all events, the paragraph is disputed because it relies on conclusions by Dr. Fullerton, but he "does not provide a reliable economic assessment of the likely effects of the" Superfund Act. Rebuttal Declaration of Luke Froeb, Ph.D. ("Froeb Decl.") ¶ 33; *see also id.* ¶¶ 12–32, 34. For example, because Dr. Fullerton's declaration "does not account for how financial markets price regulatory and liability risk in the fossil fuel sector—including spillover risk and the associated increases in financing costs—it does not provide an adequate economic basis for the conclusion that the Vermont Act" will not have these market effects. *Id.* ¶ 32. Dr. Fullerton's "analysis is incomplete" and "his conclusions about the effects of the Vermont Act are unreliable." *Id.* ¶ 34.

4. Under standard economic models, firms will continue to produce and sell goods (such as fossil fuels) whenever they can earn a profit—that is, so long as the sale price exceeds the cost of producing an additional unit (i.e., the "marginal cost"). Under these models, market price depends on marginal costs and does not depend on fixed costs, which are costs that do not vary with the amount of goods produced. *See id.* ¶¶ 14-20.

**Response:** Disputed as irrelevant and immaterial to the resolution of the pending motions because the statements in this paragraph have no bearing on the United States' sovereign interest standing, authority to sue, or the merits of its purely legal claims. In all events, the paragraph is disputed to the extent it purports to offer a complete analysis of how responsible parties will respond to the Superfund Act. Dr. Fullerton's analysis "rests on a model of economic behavior that does not incorporate well-established features of investment decision-making by profit-maximizing firms." Froeb Decl. ¶ 17; *see also id.* ¶¶ 12–16, 18–34. Dr. Fullerton's analysis is thus "incomplete" and "unreliable." *Id.* ¶ 34.

5. The Act's cost recovery demands will impose a fixed cost, not a marginal cost, because they are based on greenhouse gas emissions from fossil fuels extracted or refined in the

3

past and do not depend on companies' current or future decisions about how much to produce. *See id.* ¶¶ 15, 18, 30-31.

> **Response:** Disputed as irrelevant and immaterial to the resolution of the pending motions because the statement has no bearing on the United States' sovereign interest standing, authority to sue, or the merits of its purely legal claims. In all events, the paragraph is disputed because it relies on claims by Dr. Fullerton that fail to "incorporate well-established features of investment decision-making by profit-maximizing firms" and improperly assume "a static world in which Vermont never amends its Act to expand the covered period and in which other jurisdictions do not implement similar laws or otherwise take similar action against energy producers." Froeb Decl. ¶¶ 17, 23; *see also id.* ¶¶ 12–16, 18–22, 24–34.

6.      Because the Act does not affect the marginal cost of production, it will not affect the market price of fossil fuels. *See id.* ¶¶ 15, 18, 30-31. Because it will not affect the market price of fossil fuels, it will not affect the price or quantities of final energy goods produced from fossil fuels, such as electricity or motor fuels. *See id.* ¶¶ 18, 32, 41.

> **Response:** Disputed as irrelevant and immaterial to the resolution of the pending motions because the statement has no bearing on the United States' sovereign interest standing, authority to sue, or the merits of its purely legal claims. Also disputed because the statement that the Act will "not affect the market price of fossil fuels" defies common sense and basic economics. *See City of New York*, 993 F.3d at 93. In all events, this paragraph is disputed because it relies on an "incomplete" and "unreliable" analysis by Dr. Fullerton. Froeb Decl. ¶ 34. For instance, Dr. Fullerton fails to "adequately consider the Act's predictable effects on capital markets—namely, that imposing substantial and uncertain liabilities is likely to increase firms' cost of equity and debt financing (their 'cost of capital'), which would discourage productive, output increasing investments that otherwise would be undertaken." *Id.* ¶ 33(a). In the wake of the Deepwater Horizon oil spill, for example, Standard & Poor's downgraded British Petroleum's credit rating, which increased the company's borrowing costs. *Id.* ¶¶ 20–21. Higher capital costs lead to "higher prices" and "lower output and investment." *Id.* ¶ 31; *see also id.* ¶¶ 12–19, 22–30, 32.

4

7. Instead, as a one-time retroactive assessment, the Act's cost recovery demands impose a fixed cost that will be absorbed by the companies and would not be passed on to consumers. *See id.* ¶¶ 30-31.

> **Response:** Disputed as irrelevant and immaterial to the resolution of the pending motions because the statement has no bearing on the United States' sovereign interest standing, authority to sue, or the merits of its purely legal claims. Also disputed because the statement defies common sense and basic economics. *See City of New York*, 993 F.3d at 93. In all events, this paragraph is disputed because it relies on conclusions of Dr. Fullerton that "rest[] on a model of economic behavior that does not incorporate well-established features of investment decision-making by profit-maximizing firms." Froeb Decl. ¶ 17; *see also id.* ¶¶ 12–16, 18–34. For example, Dr. Fullerton improperly "assumes a static world" and ignores the fact that "the Vermont Act increases the responsible parties' risk exposure not only through its immediate liability effects but also by increasing expectations of future additional liabilities in both Vermont and other jurisdictions." *Id.* ¶ 14. Dr. Fullerton's "analysis is incomplete" and "his conclusions about the effects of the Vermont Act are unreliable." *Id.* ¶ 34.

8. The Act is not an "economic regulation," as understood by economists, because it will not change the incentives for companies to produce and sell fossil fuels, will not change the cost of fossil fuels to purchasers, will not change any consumer's use of energy, and will not reduce current or future greenhouse gas emissions. *See id.* ¶¶ 27-32.

> **Response:** Disputed as irrelevant and immaterial to the resolution of the pending motions because the statement has no bearing on the United States' sovereign interest standing, authority to sue, or the merits of its purely legal claims. Also disputed because the statement defies common sense and basic economics. *See City of New York*, 993 F.3d at 93. In all events, this paragraph is disputed because it relies on conclusions by Dr. Fullerton that fail "to account for capital market effects and risk exposure not only through the Act's immediate liability but also through expectations of additional liabilities in both Vermont and other jurisdictions." Froeb Decl. ¶ 12; *see also id.* ¶¶ 13–34. Dr. Fullerton's analysis "does not provide an adequate economic basis for" his conclusions because it "does not account for how financial markets price regulatory and liability risk in the fossil fuel sector." *Id.* ¶ 32.

5

9. Because the Act will not affect the current or future marginal cost of new production, it will not affect a company's estimate of potential profit from future production, and therefore will not affect fossil fuel companies' incentives to invest in new technology or infrastructure. *See id.* ¶¶ 33-34, 42.

> **Response:** Disputed as irrelevant and immaterial to the resolution of the pending motions because the statement has no bearing on the United States' sovereign interest standing, authority to sue, or the merits of its purely legal claims. Also disputed because the statement defies common sense and basic economics. *See City of New York*, 993 F.3d at 93. In all events, this paragraph is disputed because it relies on an "incomplete" analysis by Dr. Fullerton that "does not provide an adequate economic basis for the conclusion that the" Superfund Act will not affect the incentive to invest in new technology and infrastructure. Froeb Decl. ¶¶ 32, 34. Because the Superfund Act "imposes substantial costs tied to historical emissions and signals a willingness to impose large ex post liabilities on carbon-intensive business models, rational investors would respond by demanding higher compensation for that risk and by reducing valuations of projects most exposed to future liability." *Id.* ¶ 31. "Such higher capital costs would result in higher prices" and "lower output and investment." *Id.*; *see also id.* ¶¶ 12–30, 33.

10. Because the Act will not affect fossil fuel prices or production or affect consumer demand, it will not affect the future availability of fossil fuels. *See id.* ¶¶ 11, 35, 42.

> **Response:** Disputed as irrelevant and immaterial to the resolution of the pending motions because the statement has no bearing on the United States' sovereign interest standing, authority to sue, or the merits of its purely legal claims. Also disputed because the statement defies common sense and basic economics. *See City of New York*, 993 F.3d at 93. In all events, this paragraph is disputed because it relies on "incomplete" and "unreliable" conclusions by Dr. Fullerton. Froeb Decl. ¶ 34. For example, Dr. Fullerton "does not adequately consider the Act's predictable effects on capital markets—namely, that imposing substantial and uncertain liabilities is likely to increase firms' cost of equity and debt financing (their 'cost of capital'), which would discourage productive, output increasing investments that otherwise would be undertaken." *Id.* ¶ 33(a). He also ignores how the risk of future liability affects firms' incentive "to undertake costly, long-lived investments in future energy production." *Id.* ¶ 19; *see also id.* ¶¶ 12–18, 20–32.

### III. U.S. Foreign Policy

11. The principle that polluters pay for the damage that they cause is well established in international environmental law as reflected in agreements and treaties. *See* Declaration of Harold Koh ¶¶ 12, 16-17. The United States is a party to or signed treaties incorporating the "polluter pays" principle. *See id.* ¶ 17.

> **Response:** The first sentence is disputed as irrelevant and improper because it asserts a legal conclusion to which no response is required. As to the second sentence, it is undisputed that the United States is a party to or has signed certain international agreements endorsing a "polluter pays" principle. But the second sentence is disputed to the extent it suggests that the United States is a party to or has signed an international agreement concerning a "polluter pays" principle with respect to alleged harm caused by greenhouse gas emissions. The entire paragraph is disputed as irrelevant and immaterial to the resolution of the pending motions because it is has no bearing on whether an individual state like Vermont may impose liability on producers for global emissions.
>
> The United States further objects to Paragraph 12 of the Koh declaration because it contains impermissible legal conclusions; factual assertions outside the declarant's expertise, competence, and personal knowledge; and statements that are irrelevant and immaterial to the resolution of the pending motions. *See United States v. Articles of Banned Hazardous Substances Consisting of an Undetermined Number of Cans of Rainbow Foam Paint*, 34 F.3d 91, 96 (2d Cir. 1994) ("It is a well-established rule in this Circuit that experts are not permitted to present testimony in the form of legal conclusions."); Fed. R. Civ. P. 56(c)(4). The United States objects to Paragraphs 16 and 17 of the Koh declaration as irrelevant and immaterial to the resolution of the pending motions. Accordingly, the United States disputes this paragraph as unsupported by admissible evidence. *See* L.R. 56(d).

12. There is no foreign treaty or federal statute that expressly forbids a state from requesting payment from a foreign company based on its past fossil fuel production or refining. *See id.* ¶¶ 12, 19, 31.

> **Response:** This paragraph is disputed as irrelevant and improper because it asserts a legal conclusion to which no response is required. It is also disputed as irrelevant and immaterial to the resolution of the pending motions because the lack of a foreign treaty or federal statute expressly forbidding a state

>from requesting payment from a foreign company based on emissions and past fossil-fuel production or refining has no bearing on whether the U.S. Constitution permits such action.
>
>The United States further objects to Paragraph 12 of the Koh declaration because it contains impermissible legal conclusions; factual assertions outside the declarant's expertise, competence, and personal knowledge; and statements that are irrelevant and immaterial to the resolution of the pending motions. *See Articles of Banned Hazardous Substances*, 34 F.3d at 96; Fed. R. Civ. P. 56(c)(4).  The United States objects to Paragraph 19 of the Koh declaration because it contains impermissible legal conclusions and statements that are irrelevant and immaterial to the resolution of the pending motions.  The United States objects to Paragraph 31 of the Koh declaration because it contains legal conclusions, statements that are irrelevant and immaterial to the resolution of the pending motions, and inadmissible hearsay.  *See* Fed. R. Evid. 801(c), 802. Accordingly, the United States disputes this paragraph as unsupported by admissible evidence.  *See* L.R. 56(d).

13.     The Act does not interfere with the federal government's ability to meet existing limited international obligations under the Framework Convention or Paris Agreement. *See id*. ¶¶ 20, 27-28. The Act does not interfere with the United States' ability to withdraw from the Paris Agreement. *See id*. ¶¶ 31-33, 35.

>**Response:**     This paragraph is disputed as irrelevant and improper because the statement asserts a legal conclusion to which no response is required and, to the extent they attempt to make a factual assertion, neither Intervenor-Defendants nor the declarant have the expertise, competence, or personal knowledge to opine on these issues. Fed. R. Civ. P. 56(c)(4).  The paragraph is also disputed as irrelevant and immaterial to the resolution of the pending motions because the Act conflicts with U.S. foreign policy irrespective of whether it interferes with specific obligations or withdrawal actions under the Framework Convention and Paris Agreement.
>
>The United States further objects to Paragraphs 27 and 28 of the Koh declaration because they contain impermissible legal conclusions and statements that are irrelevant and immaterial to the resolution of the pending motions. *See Articles of Banned Hazardous Substances*, 34 F.3d at 96.  The United States objects to Paragraph 31 of the Koh declaration because it contains impermissible legal conclusions, statements that are irrelevant and immaterial to the resolution of the pending motions, and inadmissible hearsay.  *See* Fed. R. Evid. 801(c), 802. The United States objects to Paragraph 32 of the Koh declaration because it contains inadmissible

        hearsay and statements that are irrelevant and immaterial to the resolution of the pending motions. The United States objects to Paragraph 33 of the Koh declaration because it contains impermissible legal conclusions and statements that are irrelevant and immaterial to the resolution of the pending motions. The United States objects to Paragraph 35 of the Koh declaration because it contains impermissible legal conclusions; factual assertions outside the declarant's expertise, competence, and personal knowledge; and statements that are irrelevant and immaterial to the resolution of the pending motions. Fed. R. Civ. P. 56(c)(4). Accordingly, the United States disputes this paragraph as unsupported by admissible evidence. *See* L.R. 56(d).

14.     The past two decades of international negotiations created around climate change have focused on governmental and intergovernmental obligations. *See id.* ¶ 34. The negotiations have not addressed questions of corporate liability. *See id.* Because the current administration has announced its intent to withdraw from the Paris Agreement, the United States is not currently engaged in any ongoing international climate negotiations under the Framework Convention that could be disrupted. *See id.* ¶ 35.

        **Response:**    Undisputed as to the first and second sentence. The third sentence is disputed because it contains a factual assertion to which Intervenor-Defendants and the declarant lack expertise, competence, or personal knowledge. Fed. R. Civ. P. 56(c)(4). The paragraph is also disputed as irrelevant and immaterial to the resolution of the pending motions because the assertion that international negotiations concerning climate change have focused on governmental and intergovernmental obligations rather than corporate liability is irrelevant to whether a state may impose liability on businesses for foreign emissions.

                      The United States further objects to Paragraph 34 of the Koh declaration because it contains impermissible legal conclusions and factual assertions outside the declarant's expertise, competence, and personal knowledge. *See Articles of Banned Hazardous Substances*, 34 F.3d at 96; Fed. R. Civ. P. 56(c)(4). The United States objects to Paragraph 35 of the Koh declaration because it contains legal conclusions; factual assertions outside the declarant's expertise, competence, and personal knowledge; and statements that are irrelevant and immaterial to the resolution of the pending motions. Fed. R. Civ. P. 56(c)(4). Accordingly, the United States disputes this paragraph as unsupported by admissible evidence. *See* L.R. 56(d).

9

15. The federal government's prior statements about opposing "liability and compensation for loss and damage" was in reference to provisions that would make the United States government liable to other countries. *See id.* ¶¶ 31-32. Those statements did not opine on the liability of foreign fossil fuel producers or refiners.

**Response:** Undisputed that the federal government's "prior statements" referenced in this paragraph specifically referred to liability of the United States government. But the paragraph is disputed as irrelevant and immaterial to the resolution of the pending motions because state laws that impose liability and seek damages from foreign entities—including foreign governments—for alleged climate-related harms conflict with U.S. foreign policy opposing intergovernmental liability and compensation schemes at the international level.

The United States further objects to Paragraph 31 of the Koh declaration because it contains impermissible legal conclusions, statements that are irrelevant and immaterial to the resolution of the pending motions, and inadmissible hearsay. *See Articles of Banned Hazardous Substances*, 34 F.3d at 96; Fed. R. Evid. 801(c), 802. The United States objects to Paragraph 32 of the Koh declaration because it contains inadmissible hearsay and statements that are irrelevant and immaterial to the resolution of the pending motions. Accordingly, the United States disputes this paragraph as unsupported by admissible evidence. *See* L.R. 56(d).

Dated: December 15, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
JUSTIN D. HEMINGER
*Acting Deputy Assistant Attorney General*

/s/ *Riley W. Walters*
RILEY W. WALTERS
*Counsel*
JOHN K. ADAMS
*Senior Counsel*
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-5442
Riley.Walters@usdoj.gov