UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>       *Plaintiffs*,<br><br>    v.<br><br>STATE OF VERMONT, et al.,<br><br>       *Defendants*,<br><br>  and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>       *Intervenor-Defendants*. | No. 2:25-cv-00463 |

**PLAINTIFFS' RESPONSE TO STATE DEFENDANTS'
PROPOSED ORGANIZATION OF MARCH 30 HEARING**

Plaintiffs the United States and U.S. Environmental Protection Agency (collectively, the "United States") oppose the State Defendants' proposed structure for the March 30, 2026 motions hearing. That proposal would prejudice the United States by forcing it to share argument time with the Plaintiffs and Intervenor-Plaintiffs in *Chamber of Commerce v. Moore*, No. 2:24-cv-1513 (*Chamber*)—a separate case that has not been consolidated with this one. As a result, the proposal would prevent the United States from presenting its own arguments on important issues that directly implicate the federal government's distinct and sovereign interests. The Court should reject the proposal and hear the cases separately.

I.     **The State Defendants' Proposal Would Prejudice the United States.**

The United States should not be forced to split its argument time with the *Chamber* Plaintiffs and Intervenor-Plaintiffs. These cases have not been consolidated, and the United States would have opposed any effort to do so.[1] Indeed, the State Defendants' proposal illustrates why. Consider the proposed division of time for the most important merits questions. Under the proposal, the United States would have to negotiate with the *Chamber* Plaintiffs and Intervenor-Plaintiffs—again, parties in a different case—on how to divide 30 minutes of argument time. Most likely, the United States would have no more than 10 minutes to address five claims involving weighty constitutional and statutory questions. That is absurd. If the State Defendants and Intervenor-Defendants have 30 minutes to address the merits, the United States should have 30 minutes as well. That would ensure the parties *in this case* have equal argument time.[2]

---

[1] Although the United States agreed to coordinate briefing schedules with *Chamber*, that is miles away from dividing and coordinating the presentation of oral argument. The former affects dates; the latter affects substance.

[2] Unlike the United States, the State Defendants could not reasonably claim disadvantage over sharing argument time. They welcomed the Intervenor-Defendants into this case with open arms. *See* Dkt. No. 34 at 8 (noting the State Defendants' consent to intervention).

1

There are similar problems with the proposed division of time on threshold issues. The Intervenor-Defendants raise unique challenges to the United States' standing, its authority to sue, and the ripeness of the dispute. Requiring the United States to split 10 minutes with the *Chamber* Plaintiffs and Intervenor-Plaintiffs—each of whom has their own threshold arguments—does not give the United States a meaningful opportunity to respond.

Relatedly, the State Defendants' proposal would prevent the United States from making its *own* case for why Vermont's Climate Superfund Act is unlawful. The United States filed this lawsuit to vindicate the supremacy of federal law and the proper division of power between the National government and the states. In light of its sovereign interests—interests not shared by the *Chamber* Plaintiffs or Intervenor-Plaintiffs—the United States has a unique voice in this dispute. And that is true for every legal issue: *The United States*, through EPA, administers the Clean Air Act; the Constitution assigns *the United States* exclusive authority over interstate emissions; *the United States* holds the foreign affairs power; and *the United States* alone may regulate interstate and foreign commerce. Because *every* merits question implicates federal authority, the United States should receive sufficient time to address *every* question. The State Defendants' proposal, however, would require the United States to cede argument time on these distinctly federal issues to non-federal parties from a different case.

For this reason, the State Defendants miss the point when they argue that the "legal issues" in the two cases are "substantially similar." Dkt. No. 72 at 2. Despite the overlap, the United States has distinct interests, distinct arguments, and distinct points of emphasis. So even if the same legal issue were argued twice during the hearing—a newfound concern not reflected in the duplicative briefing of the State Defendants and Intervenor-Defendants—there is no basis for

claiming that the arguments would be unduly repetitive. Moreover, the cases also differ in important respects. In fact, given the unique issues and claims in *Chamber*, the United States would not even participate for 90 minutes of the hearing under the State Defendants' proposal ("Phase 2" and half of "Phase 3"). That makes no sense.

**II.     The Court Should Hear the Cases Separately.**

All these problems can be avoided by hearing the cases separately. Regardless of the order, the United States continues to believe that 40 minutes of argument time for it and a combined 40 minutes for the State Defendants and Intervenor-Defendants (to be divided however they choose) is appropriate, with allowance for reserved rebuttal time. If the Court prefers less time, the United States simply requests that the time be divided equally between the two sides.

As for the structure of the hearing, the State Defendants' matrix-style format would unduly restrict how the United States presents argument and divides time between its attorneys by effectively forcing one attorney to argue the merits and the other to argue the threshold questions. Although the United States agrees that some organization by topic is appropriate, the State Defendants' proposal unnecessarily predetermines what that organization should be. The better approach is to permit the parties to use their time as they see fit, subject of course to any direction from the Court.

\*     \*     \*

In recognition that doing so would be more convenient and efficient for the Court, the United States agreed that this case and *Chamber* should be heard on the same day. But those benefits would vanish—and the United States would be prejudiced—if the cases were argued together. Accordingly, if the Court is inclined to accept the State Defendants' proposal, the United States would instead respectfully request that its case be heard on a different day than *Chamber*.

3

          Respectfully submitted,

          ADAM R.F. GUSTAFSON
          *Principal Deputy Assistant Attorney General*
          ROBERT N. STANDER
          *Deputy Assistant Attorney General*

          /s/ *Riley W. Walters*
          RILEY W. WALTERS
          *Counsel*
          JOHN K. ADAMS
          *Senior Counsel*
          U.S. Department of Justice
          Environment and Natural Resources Division
          950 Pennsylvania Ave., N.W.
          Washington, D.C. 20530
          (202) 514-5442
          Riley.Walters@usdoj.gov

February 23, 2026
Washington, D.C.