**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Plaintiffs*, <br><br> v. <br><br> STATE OF VERMONT, et al., <br><br> *Defendants*, <br><br> and <br><br> NORTHEAST ORGANIC FARMING ASSOCIA-TION OF VERMONT AND CONSERVATION LAW FOUNDATION, <br><br> *Intervenor-Defendants*. | No. 2:25-cv-00463 |

**PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANTS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

On Friday, March 27—the last business day before the March 30 motions hearing—Intervenor-Defendants filed a notice of supplemental authority regarding an order from the Central District of California dismissing a complaint filed by the United States for lack of standing. *See* ECF 80. The timing of Intervenor-Defendants' filing, which came nine days after the Central District of California's March 18 order, prevented the United States from submitting a written response before the March 30 hearing.

Contrary to Intervenor-Defendants' claim, the Central District of California order is neither on point nor legally persuasive. The order addressed a different complaint with materially different

1

allegations. And insofar as the order suggests that the United States lacks standing to challenge state laws on preemption grounds—or that preempted state laws do not violate federal law or interfere with the United States' sovereign responsibilities—the order cannot be squared with Supreme Court precedent and basic legal principles. This Court need not, and should not, follow suit.

To begin, the district court's principal holding was that the United States had failed to plead injury to its sovereign interests and thus "depriv[ed] Defendants and Defendant-Intervenors of adequate notice of the federal government's standing theory." *United States v. California*, 2026 WL 784514, at *3 (C.D. Cal. March 18, 2026). Not so here. The United States has alleged and argued that the Climate Superfund Act injures its sovereign interests by usurping exclusive federal authority—a sovereign injury that stems both from the Superfund Act's violation of federal law and from its interference with the administration of federal law, especially its conflict with the Clean Air Act (which is administered by co-plaintiff the U.S. Environmental Protection Agency), U.S. foreign policy, and federal regulation of interstate commerce. *Compare, e.g.*, Compl., ECF 1, ¶¶ 6, 10, 48, 51, 52, 54-55, 61, 76, 82, 91, 106-07; U.S. MSJ, ECF 50-1, at 10-12; U.S. Reply, ECF 65, at 3-6, *with* Ex. A (*California* Complaint); *see also California*, 2026 WL 784514, at *3 (stating that the United States failed to plead or argue similar interference). Indeed, Intervenor-Defendants' arguments in their motion to dismiss confirm that the complaint gave sufficient notice of this standing theory. *See* Int.-Defs.' MTD, ECF 43-1, at 11-13 (addressing theory).[1]

What is more, the *California* court took the United States to be alleging, at most, that "the mere *existence* of a preempted state law creates a sovereign injury to the federal government." *California*, 2026 WL 784514, at *3. And the court balked at what it thought followed: that the

---

[1] Unlike in *California*, the United States has also asserted standing based on injuries to its pecuniary interests and the general welfare. *See* Compl. ¶ 10; U.S. MSJ at 13-18; U.S. Reply at 7-10.

United States could challenge any state law "currently on the books that conflict[s] with the United States Constitution and federal law as interpreted by the Supreme Court," even if there were no risk of the law ever being enforced. *See id.* at *3 n.3 (citing Texas statute prohibiting the issuance of marriage licenses to same-sex couples). Whatever the merits of the district court's view, it need not be resolved here, because it is undisputed that the Superfund Act is not a dormant statute with no risk of enforcement—the Act is in effect, it is being implemented pursuant to built-in deadlines for specific events, and it *requires* the Vermont Agency of Natural Resources to issue cost demands to responsible parties by July 2028. Vt. Stat. Ann. tit. 10, § 598(f) (mandating that "[t]he Agency shall issue the cost recovery demands required under this section not later than" July 2028 (emphasis added)); Vt. Act No. 47 (H.231) Sec. 21(b) (2025). So even if the United States' injury hinged on the incoming cost demands, that injury would still meet the imminence requirement of Article III because it is "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); U.S. Reply at 11 (arguing same).

The district court's alternative theory—that a state statute does not violate federal law, and thus does not injure the United States, when it is preempted by a federal statute—is incorrect. *California*, 2026 WL 784514, at *4. A preempted state statute violates the most fundamental federal law—the Constitution itself—by upsetting the constitutional hierarchy established by the Supremacy Clause. *See, e.g.*, *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 388 (2000) (holding that a state law was preempted by federal statute and thus "unconstitutional, under the Supremacy Clause"); *Perez v. Campbell*, 402 U.S. 637, 656 (1971) (holding that a preempted state statute was "constitutionally invalid"); *Torres v. Precision Indus., Inc.*, 938 F.3d 752, 755 (6th Cir. 2019) ("courts hold preempted laws 'unconstitutional' under the Supremacy Clause"). Thus, contrary to the *California* court's reasoning, the United States' Clean Air Act preemption claim (Count

I), like its other claims that rely on constitutional violations, *does* assert a violation of federal law. And the Supreme Court has made clear that the United States suffers a concrete injury when federal law is violated. *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *see also* Tara Leigh Grove, *Standing As an Article II Nondelegation Doctrine*, 11 U. Pa. J. Const. L. 781, 790 (2009) (the "Take Care Clause imposes on the Executive Branch a duty to take appropriate measures, including filing suit in federal court, to 'see that federal law is obeyed'").

Separately, the United States has alleged and argued interference with the administration of federal law—not just violations of federal law—based on the Superfund Act's (certainly impending) imposition of crippling liability for global greenhouse gas emissions and energy production, which upsets the Clean Air Act's carefully balanced regulatory framework with a parallel strict liability regime, burdens activity that the Constitution commits to exclusive federal control, and impairs U.S. foreign policy. *See, e.g.*, Compl. ¶¶ 10, 52, 54-55, 57, 60, 76, 106-07; U.S. MSJ at 12; U.S. Reply at 5-6.

Finally, the *California* court's suggestion that the United States may lack standing to bring statutory preemption claims (Count I here) is foreclosed by the Supreme Court's decision in *Arizona v. United States*, 567 U.S. 387 (2012)—which isn't even cited in the *California* order. There, the United States brought a pre-enforcement challenge to an Arizona immigration statute on grounds that it was preempted by federal immigration statutes, much like Count I of the United States' complaint here challenges the Superfund Act on grounds that it is preempted by the Clean Air Act. Despite its obligation to assure itself of its own jurisdiction, the Supreme Court not only decided the merits—and thus had no concern about the United States' standing—but it also affirmed a Ninth Circuit decision holding that the preempted statute caused *irreparable* injury to the United States, simply by virtue of the state threatening to enforce the preempted statute. *Id.* at

4

416; *United States v. Arizona*, 641 F.3d 339, 366 (9th Cir. 2011), *rev'd on other grounds*, 567 U.S. 387; *see also Daimler Truck N.A. LLC, Cal. Air Res. Bd.*, 2025 WL 3049944, at \*17 (E.D. Cal. Oct. 31, 2025) (finding irreparable injury to the United States' sovereignty based on enforcement of preempted law).

Moreover, as in *Arizona*, the Superfund Act "upsets the balance struck by" a comprehensive federal statute.  567 U.S. at 403; *E.g.*, Compl. ¶¶ 52, 54.  One way the Arizona statute did so was by creating state penalties "where no federal counterpart exists."  *Arizona*, 567 U.S. at 403.  So too here:  The Superfund Act imposes liability and damages for emissions that Congress and EPA have chosen not to address.  *See, e.g.*, U.S. MSJ at 38-39; U.S. Reply at 33.  In short, if the United States lacks standing to bring its Clean Air Act preemption claim, then it would have lacked standing to bring its statutory preemption claims in *Arizona*.  This Court should follow the Supreme Court's lead, not the Central District of California's, and reach the merits of Count I and the United States' other claims.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
JUSTIN D. HEMINGER
*Acting Deputy Assistant Attorney General*

/s/ *Riley W. Walters*
RILEY W. WALTERS
*Counsel*
JOHN K. ADAMS
*Senior Counsel*
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-5442
Riley.Walters@usdoj.gov

April 9, 2026
Washington, D.C.

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, I electronically filed the foregoing response using the CM/ECF system, which electronically served all counsel of record.

Dated: April 9, 2026

/s/ *Riley W. Walters*
RILEY W. WALTERS
*Counsel*
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-5442
Riley.Walters@usdoj.gov