2:25-cv-00463-mkl    Document 86    Filed 05/05/26    Page 1 of 4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>        *Plaintiffs*,<br><br>      v.<br><br>STATE OF VERMONT, et al.,<br><br>        *Defendants*,<br><br>    and<br><br>NORTHEAST ORGANIC FARMING ASSOCIA-TION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>        *Intervenor-Defendants*. | No. 2:25-cv-00463 |

**PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANTS'**
**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants' latest notice of supplemental authority—their third in as many months—is irrelevant to this case and blind to binding precedent. The question presented in *Hencely v. Fluor Corporation* was whether, under Supreme Court precedent and the structure of our Constitution, "a state-law suit premised on a military contractor's activities in a war zone is preempted even when the contractor was not required or authorized to take the action at issue." 146 S. Ct. 1086, 1093 (2026). In answering no, the Supreme Court applied the same test the Second Circuit used to reach a different conclusion as to state-imposed damages for interstate air pollution in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021).

In *Hencely*, the Supreme Court recognized that "a few areas" involve "uniquely federal interests" and "are so committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced … by federal law" when there is a "significant conflict" between state law and the federal interest—a rule that flows from the Constitution's structure rather than specific constitutional text.[1] 146 S. Ct. at 1093-94 (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504, 507 (1988)) (cleaned up). Applying this rule, *see City of New York*, 993 F.3d at 89-90 (citing *Boyle*, 487 U.S. at 507), the Second Circuit held that interstate pollution is such an area and that there is such a conflict when a state seeks damages under its own law for emissions originating beyond its borders, *id.* at 90-92. This is why federal law has always applied to "disputes involving interstate air or water pollution." *Id.* at 91; *see also, e.g.*, *Illinois v. City of Milwaukee*, 406 U.S. 91, 103, 105 n.6 (1972) (recognizing uniquely federal interests); *City of Milwaukee v. Illinois and Michigan*, 451 U.S. 304, 313 & n.7 (1981) (applying same rule); *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 487-88 (1987) (observing that interstate pollution "is a matter of federal, not state, law"); *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 420-21 (2011) (explaining that the "basic scheme of the Constitution" requires federal law to govern interstate pollution).[2]

Much like their broader defense of the Climate Superfund Act, Intervenor-Defendants' notice reads as if *City of New York*—and the line of Supreme Court cases it relied on—did not exist. *Hencely*, which again concerned a subject entirely different from interstate pollution, did not cast any doubt on this longstanding precedent, much less implicitly overrule it.

---

[1] Although *Hencely* explained that this rule "will rarely apply when litigation is purely between private parties and does not touch the rights and duties of the United States," neither of those conditions is present here. 146 S. Ct. at 1094 (cleaned up).

[2] *Hencely* makes clear that this rule flows from the Constitution itself, as the United States has argued (ECF 50-1 at 42-43 and ECF 65 at 36-37) and Vermont has disputed (ECF 69 at 13-14).

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
JUSTIN D. HEMINGER
*Acting Deputy Assistant Attorney General*

/s/ *Riley W. Walters*
RILEY W. WALTERS
*Counsel*
JOHN K. ADAMS
*Senior Counsel*
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-5442
Riley.Walters@usdoj.gov

May 5, 2026
Washington, D.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, I electronically filed the foregoing response using the

CM/ECF system, which electronically served all counsel of record.

Dated: May 5, 2026

/s/ *Riley W. Walters*
RILEY W. WALTERS
*Counsel*
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-5442
Riley.Walters@usdoj.gov