**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF VERMONT, et al.,<br><br>*Defendants*,<br><br>and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>*Defendant-Intervenors*. | No. 2:25-cv-00463 |

**PLAINTIFFS UNITED STATES OF AMERICA AND UNITED STATES ENVIRONMENTAL PROTECTION AGENCY'S**
**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

The United States of America and the U.S. Environmental Protection Agency provide this Notice of Supplemental Authority to inform the Court of a recent decision related to the present action.

Plaintiffs in *West Virginia v. James*, No. 1:25-cv-00168 (N.D.N.Y.) argued that the New York Climate Superfund Act, N.Y. Envtl. Conserv. Law § 76-0101 *et seq*. (the "New York Climate Act") is preempted by the U.S. Constitution and the federal Clean Air Act. Ex. A at 14-15. The New York Climate Act imposes strict liability upon "responsible parties" to pay their "proportional liability" of seventy-five billion dollars for greenhouse gas emissions, including for alleged emitting activity outside of New York or even the United States of America. *Id*. at 11-13 ("a 'responsible party' is defined as 'any entity . . . which . . . was engaged in the trade or business of extracting fossil fuel or refining crude oil and is determined by the department . . . to be responsible for more than one billion tons of covered greenhouse gas emissions"). Relying on the Second Circuit's decision in *City of New York v. Chevron Corporation*, the *West Virginia* Plaintiffs "argue[d] that the Climate Act is preempted because . . . state regulation of greenhouse gases is permissible only as authorized by the Clean Air Act's comprehensive scheme, which does not authorize the Climate Act." *Id.* at 50 (quotation marks omitted).

The Northern District of New York invalidated the New York Climate Act. The court held that the Climate Act is indistinguishable from the public nuisance claim at issue in *City of New York v. Chevron Corporation*, 993 F.3d 81 (2d Cir. 2021). *Id*. at 40-46. And applying *City of New York* as to interstate emissions, the Northern District of New York held that the Climate Act is "not authorized by the Clean Air Act" and is therefore preempted. *Id.* at 55.

Relying on *City of New York*, the Northern District of New York further held that the Climate Act is "preempted by the foreign affairs doctrine and cannot be constitutionally applied to

foreign fossil fuel producers." *Id.* at 62. As to extraterritorial, or foreign, emissions that the Climate Act sought to regulate, the Court applied the Foreign Affairs field preemption rule that "a state law may be preempted under the foreign affairs doctrine if it intrudes on the field of foreign affairs without addressing a traditional state responsibility." *Id*. at 60 (citations omitted). Applying *City of New York*, the Court found that the Climate Act's regulation of global pollution is not a traditional state responsibility and reasoned that a cause of action under the Climate Act targeting foreign emissions "would 'obviously sow confusion and needlessly complicate the nation's foreign policy.'" *Id*. at 61 (citing *City of New York*, 993 F.3d at 101-103). Because it intrudes on the Executive Branch's foreign policy without addressing a traditional state responsibility, the court held that the New York Climate Act was preempted by the Foreign Affairs Doctrine.

In this case, the United States has moved for summary judgment, arguing that *City of New York* is indistinguishable from the present case and that under *City of New York*, the Vermont Climate Act is preempted by the Clean Air Act and the United States' foreign policy. Like the New York Climate Act, the Vermont Superfund Act, S.259 (Act 122) (2024), *as amended by* H.231 (Act 47) (20225), Vt. Stat. Ann. tit. 10, §§ 596-599c, "levies retroactive penalties . . . under a strict liability standard" for what Vermont determines is the responsible party's proportional liability for global greenhouse gas emissions. Dkt. No. 50-1 at 6-7. The statute's reach extends beyond Vermont's borders throughout the United States and around the world. *Id*. Indeed, the Vermont Superfund Act "'directly conflicts with . . . U.S. foreign policy in multiple respects.'" *Id*. at 53 (citations omitted). Like the Northern District of New York, this Court should apply *City of New York*, grant the United States' motion for summary judgment, and hold the Vermont Climate Act preempted.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

JOHN K. ADAMS
*Associate Deputy Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

JUSTIN D. HEMINGER
*Acting Deputy Assistant Attorney General*

/s/ *Andrew M. Darlington*
ANDREW M. DARLINGTON
*Counsel*
U.S. Department of Justice
Energy and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 532-3365
Andrew.Darlington2@usdoj.gov

September 21, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I electronically filed the foregoing notice of supplemental authority using the CM/ECF system, which electronically served all counsel of record.

/s/ *Andrew M. Darlington*
ANDREW M. DARLINGTON
*Counsel*
U.S. Department of Justice
Energy and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 532-3365
Andrew.Darlington2@usdoj.gov